299 F.Supp. 1100 (1969)
Percy H. GREEN, Plaintiff,
v.
McDONNELL-DOUGLAS CORPORATION, formerly known as McDonnell Aircraft Corporation, a Corporation, Defendant.
No. 68 C 187(2).
United States District Court E. D. Missouri, E. D.
May 13, 1969.
Louis Gilden, St. Louis, Mo., for plaintiff.
Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, District Judge.
This matter is pending on a motion by the defendant to strike and dismiss certain portions of the plaintiff's amended complaint. The plaintiff filed this action against the defendant, McDonnell-Douglas Corporation, on April 15, 1968, alleging a cause of action under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.). A short background of the plaintiff's complaints, as reflected by the pleadings, is necessary to place the present motion in perspective.
The plaintiff alleges that he is a negro who has been active in civil rights activities in the St. Louis area. He applied to McDonnell Aircraft Corporation for a job, and was told that nothing was available at that time. He filed a complaint with the Equal Employment Opportunity Commission, pursuant to 42 U.S.C. § 2000e-5, alleging employment *1101 discrimination against him for reasons of race and involvement in civil rights activities. The Equal Employment Opportunity Commission found that reasonable cause existed to believe that the defendant refused to accept the plaintiff for employment because of his involvement in civil rights activities. No finding was made by the Commission as to discrimination due to race. Conciliation failed and the plaintiff was notified on March 19, 1968, that he had thirty days to commence a civil action. The present action was filed on April 15, 1968, alleging violation of Title VII, denial of employment because of involvement in civil rights activities. The amended complaint, filed on March 20, 1969, alleges denial of employment because of civil rights activities and also because of race.
The defendant, in its motion to strike, contends that this Court is without jurisdiction on the issue of discrimination due to race, because the Equal Employment Opportunity Commission did not make a finding of reasonable cause on this ground. The plaintiff contends that this Court has jurisdiction regardless of the finding by the Commission. He contends that the only jurisdictional requirements to commencing a civil suit under Title VII are the filing of a charge with the Commission and the receipt of notification from the Commission.
The enforcement provisions of Title VII of the Civil Rights Act of 1964 are found in 42 U.S.C. § 2000e-5:
"(a) Whenever it is charged in writing under oath by a person claiming to be aggrieved * * * that an employer * * * has engaged in an unlawful employment practice, the Commission * * * shall make an investigation of such charge * * *. If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion."
"(e) If * * * the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge * * *."
"(f) Each United States district court * * * shall have jurisdiction of actions brought under this subchapter."
The jurisdictional prerequisites to maintaining a suit in the United States district courts under Title VII have been the source of much recent litigation. However, none of these cases considers the question of whether it is necessary for the Equal Employment Opportunity Commission to make a finding of reasonable cause. The cases hold that an individual may not bypass the Commission and go directly to the courts. Stebbins v. Nationwide Mutual Ins. Co., 382 F.2d 267 (4th Cir.1967). The following have been held to be jurisdictional elements: (1) a charge must be filed with the Equal Employment Commission, and (2) the complainant must receive the statutory notice from the Commission that it has been unable to obtain voluntary compliance. Dent v. St. Louis-San Francisco Ry., 406 F.2d 399 (5th Cir. 1969). Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7th Cir.1968). Sokolowski v. Swift and Co., 286 F.Supp. 775 (D.Minn.1968). It has also been held that suit may not be brought against an employer unless he was named in the charge filed with the Commission. Mickel v. South Carolina State Employment Service, 377 F.2d 239 (4th Cir. 1967), cert. denied 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967). The United States District Court for the Central District of California, in Edwards v. North American Rockwell Corp., 291 F. Supp. 199 (1968), dismissed a civil action under Title VII, holding that the court lacked subject-matter jurisdiction over allegations not presented to the *1102 Commission in the complaint's charge. It also stated that the "findings of reasonable cause and an attempt to conciliate" by the Commission were not jurisdictional. This latter holding, insofar as it relates to an actual attempt at conciliation, is in line with other decisions. The holding as to a finding of reasonable cause is unique, and is not supported by any reasoning or discussion by that Court. Consequently, it is not very helpful in the present case.
The decisions of courts construing this statute have uniformly held that notice by the Equal Employment Opportunity Commission that it has been unable to effect reconciliation is a jurisdictional prerequisite to civil suit. If there has not been a finding of reasonable cause to believe that the statute had been violated by a specific conduct, there would not have been any occasion for reconciliation. The finding of reasonable cause would of necessity be part of the jurisdictional element of notice that the Commission has been unable to effect reconciliation.
That a finding of reasonable cause by the Commission is necessary for the complainant to maintain a civil suit is supported by comparing House Bill 7152 with the above-quoted provisions of 42 U.S.C. § 2000e-5. The present text of Title VII originated as a Senate substitute to the Title VII provisions of House Bill 7152. The House Bill, insofar as it related to enforcement provisions, provided in § 707:
"(a) * * * If two or more members of the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such unlawful employment practice by informal methods of conference, conciliation, and persuasion * * *"
"(b) If the Commission has failed to effect the elimination of an unlawful employment practice and to obtain voluntary compliance with this title, the Commission, if it determines there is reasonable cause to believe the respondent has engaged in, or is engaging in, an unlawful employment practice, shall, within ninety days, bring a civil action to prevent the respondent from engaging in such unlawful employment practice, * * *"
"(c) If the Commission has failed or declined to bring a civil action within the time required under subsection (b), the person claiming to be aggrieved may, if one member of the Commission gives permission in writing, bring a civil action to obtain relief * * *"
Under this version of Title VII, the charging party needed only the permission of a single member of the Commission to bring a civil suit, even if the charge was rejected by the Commission for lack of merit. The absence of a provision in the Senate substitute to provide for such a contingent is striking.
There is an absence of the usual keys to legislative intent because there are no committee reports for either the House Bill or the Senate substitute. The only legislative debate touching upon the problem is found at 110 Congressional Record 14186-92, Senate, June 17, 1964. Two distinctly opposite views of the role of the Commission and its findings as related to civil suits are presented, and are not of benefit to the Court.
The plaintiff's complaint to the Commission in the present action included allegations of discrimination upon two bases. The Commission found reasonable cause to believe that the plaintiff had been discriminated against because of his civil rights activities. The Commission mentioned the race allegation and then dropped it, without any finding as to reasonable cause. Under these circumstances, the plaintiff may not maintain a civil action under Title VII based upon the allegation of discrimination in employment due to race. Therefore, the defendant's motion to strike that portion of the amended complaint which alleges denial of employment due to race will be granted.