Carolyn S. SHANNON, Plaintiff,

v.

WESTERN ELECTRIC COMPANY, Inc., Defendant.

Civ. A. No. 17459-3.

United States District Court,
W. D. Missouri, W. D.

July 31, 1969.

Irving Achtenberg, of Achtenberg, Sandler & Balkin, Kansas City, Mo., for plaintiff.

Harry L. Browne and Jack L. Whitacre, of Spencer, Fane, Britt & Browne, Kansas City, Mo., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE AND DISMISS

BECKER, Chief Judge.

This is an action under the Equal Employment Opportunity Act, Section 2000e–5, Title 42, U.S.C., in which the plaintiff alleges that on or about October 23, 1967, the defendant:

(1) reprimanded her for low production while not reprimanding similarly situated white employees;

(2) took no measure to prevent white employees from harassing her;

(3) denied her a transfer because of race, and

(4) maintained discriminatory hiring and promotion policies;

that a complaint complaining thereof was filed with the United States Equal Employment Opportunity Commission on November 7, 1967; that thereafter defendant further engaged in unlawful employment practices by discharging plaintiff on account of her race; that thereafter the complaint was deferred to the Missouri Commission on Human Rights; that after the deferral period had passed, plaintiff requested the national Commission take jurisdiction; that the national Commission did so within 210 days after the unlawful employment practice occurred; that on February 5, 1969, the decision of the national Commission was that reasonable cause existed to believe that defendant had violated Title VII of the Civil Rights Act of 1964 by reprimanding plaintiff for low production because of her race; and that on May 6, 1969, the national Commission notified plaintiff that conciliation efforts with defendant had failed.

Defendant has now moved to "strike and dismiss certain complaint allegations for lack of jurisdiction." Defendant states that the allegation that, after the filing of the complaint with the national Commission, defendant further discriminated against plaintiff by discharging her is insufficient because this charge was not "brought to the EEOC's attention, and the EEOC's decision * * * demonstrates clearly [it was] not." Further, defendant states that all of the complaints which were brought before the national Commission, but with regard to which the Commission did not find reasonable cause, should also be dismissed as not within the jurisdiction of this Court.

All of the defendant's contentions are without merit and its motion should therefore be denied. It is now well established by precedents under the Equal Employment Opportunity Act that the aggrieved person may institute an action in court even though the Commission determines that the charge of discrimination is without merit and therefore does not attempt to obtain voluntary compliance. Hall v. Werthan Bag Corporation (M.D.Tenn.) 251 F.Supp. 184, 187; Bowe v. Colgate-Palmolive Company (S.D.Ind.) 272 F.Supp. 332, 338; see also Reese v. Atlantic Steele

Company (N.D.Ga.) 282 F.Supp. 905, 906, in which it is said "[A] person who has made resort to the Commission has exhausted administrative remedies and may sue even though application to the Commission was unsuccessful in that the Commission took no action"; Quarles v. Philip Morris, Inc. (E.D.Va.) 271 F. Supp. 842; Evenson v. Northwest Airlines, Inc. (E.D.Va.) 268 F.Supp. 29; Mickel v. South Carolina State Employment Service (C.A.4) 377 F.2d 239, 242; Contra: Green v. McDonnell-Douglas Corp. (E.D.Mo.) 299 F.Supp. 1100. In *Green* the Court reasoned that since the final form of the act omitted the House Bill's provision which provided that the charging party could institute a civil action with respect to unsuccessful charges before the national Commission if one Commission member gave permission in writing, legislative intent was to preclude suit on unsuccessful charges before the national Commission. It is possibly as inferable, however, that Congress meant to put no restrictions on suit, other than that resort be had to the investigatory and conciliatory processes of the administrative agency first. Otherwise, the claims of persons involving currently important federal rights would be dangerously committed to agency discretion. As Senator Javits argued before the Senate:

> " * * * the Commission does not have to find that the complaint is a valid one before the complainant individually can sue or before the Attorney General can bring a suit to establish a pattern of practice of discrimination. The Commission may find the claim invalid; yet the complainant can still sue * * *." See Vol. 10 Cong.Rec. 14191 (6–17–64).

Even if the rule of *Green* is deemed the better view, the case at bar is distinguishable by virtue of the fact that the national Commission here found reasonable cause to believe that the act had been violated.

■ The Commission itself should not be able to bar access to the Court on charges of such current importance as these which the plaintiff seeks to bring before this Court.

■ Defendant's contention that the allegation of the unlawful discharge of plaintiff was not brought to the attention of the Commission is also without merit. The Commission's summary of investigation, a part of the decision attached to and made a part of the complaint, states that the "Respondent Employer contends that the Charging Party's termination on December 12, 1967 'was based solely on her documented record of poor performance.'" It is manifest, therefore, that the charge of wrongful dismissal on account of race was before the Commission and within its competence when it handed down its final decision. Further, the fact of the discharge is included under the fourth of the complaints which plaintiff duly made throughout the procedures outlined in Section 2000e–5, that the respondent employer maintained discriminatory hiring and promotion policies. By virtue of that allegation, plaintiff alleged a continuing pattern of discrimination on or about October 23, 1967, which was detrimental to the position of employment which she then held with said employer. The federal district court should not be deprived of jurisdiction because the violation complained of continued throughout the administrative process. The courts have generally recognized that pleading under the EEOC is usually accomplished *pro se,* and that therefore the niceties of fact pleading are not required. "All that is required is that it give sufficient information to enable EEOC to see what the grievance is about." Jenkins v. United Gas Corp. (C.A.5) 400 F.2d 28, 30 n. 3; United States v. Mayton (C.A.5) 335 F.2d 153, 160–161; King v. Georgia Power Co. (N.D.Ga.) 295 F.Supp. 943.

For the foregoing reasons, it is

Ordered that the defendant's "motion to strike and dismiss certain complaint allegations for lack of jurisdiction" be, and the same is hereby, denied.