Miki **NISHIYAMA**, Plaintiff,

v.

**NORTH AMERICAN ROCKWELL COR-PORATION, a corporation, Defendant.**

**Civ. No. 68–1423–AAH.**

United States District Court,
C. D. California.
March 18, 1970.

George L. Arnold, Los Angeles, Cal., and John R. DaCorsi, Arnold, Smith & Schwartz, Los Angeles, Cal., of counsel, for plaintiffs.

Stephen E. Tallent and Jack H. Halgren, Gibson, Dunn & Crutcher, Los Angeles, Cal., of counsel, for defendant.

Russell Specter, Senior Atty. for Equal Employment Opportunity Commission, Washington, D. C., as amicus curiae.

## DECISION, FINDINGS OF FACT, and CONCLUSIONS OF LAW

HAUK, District Judge.

This case comes before us upon Defendant's motion to dismiss a complaint wherein his employee alleges that the employer has violated Title VII of the Civil Rights Act of 1964 [1] by discriminating against him in promotions because of his race. Plaintiff seeks promotion to the appropriate job classification, reimbursement for all compensation lost due to Defendant's alleged discriminatory failure to promote Plaintiff, punitive damages, attorneys fees, costs, and injunctive relief. This Court has jurisdiction pursuant to Section 706(f) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f).[2]

---

1. 42 U.S.C. § 2000e et seq.

2. § 2000e–5(f) *Enforcement provisions— Jurisdiction and venue of United States courts*

"Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the plaintiff would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an

Plaintiff has been an employee of Defendant, North American Rockwell Corporation since 1960. On February 13, 1968, the Federal Equal Employment Opportunity Commission (hereinafter "EEOC") received a charge from Plaintiff wherein he alleged that Defendant had violated Title VII of the Civil Rights Act of 1964 (hereinafter the "Act") by discriminating against Plaintiff solely because of his race. Pursuant to Section 706(b) of the Act, 42 U.S.C. § 2000e–5 (b), the EEOC could not assume jurisdiction over the charge filed by Plaintiff until the expiration of sixty days after proceedings had been commenced under the California Fair Employment Practice Act, Calif.Labor Code, §§ 1410–1433. (West Supp., 1970) Following standard procedures,[3] the EEOC on March 13, 1968, forwarded a copy of the charge to the California Fair Employment Practice Commission. By letter dated May 22, 1968, Mr. Lorenzo H. Traylor, Director of the Los Angeles Field Office of the EEOC, informed Plaintiff that the "deferral period" required by Section 706 (b) had expired, that the EEOC had not been notified of the decision of the California Fair Employment Practice Commission, and that Plaintiff could now request the EEOC to exercise jurisdiction by signing and returning to the EEOC the "Request for Commission Jurisdiction" form which was enclosed in the letter. Plaintiff signed and returned the form on May 24, 1968, and by letter dated August 5, 1968, the EEOC advised Plaintiff that it had been unable to achieve voluntary compliance with the Act. The present action was filed with this Court on August 27, 1968.

Plaintiff alleges in the Complaint that he has filed a charge with the EEOC which notified Plaintiff by letter dated August 5, 1968 that he could institute the present action. Further, Plaintiff alleges "that at all times since plaintiff's employment, defendant discriminated against plaintiff with respect to the compensation paid plaintiff, plaintiff's job classification, and the terms and conditions of plaintiff's employment solely because of plaintiff's race; and that although plaintiff has a B.S. Degree in Electronic Engineering, he has not been given promotions and pay increases commensurate with his education, training and ability, and receives compensation less than that received by Caucasians."

Based upon the allegations of the Complaint, Defendant has moved, pursuant to Rules 12(b) (1), 12(b) (6), and 8(a) (1) of the Federal Rules of Civil Procedure, to dismiss the Complaint on the grounds that the Court lacks jurisdiction over the subject matter and that Plaintiff has failed to state a claim upon which relief can be granted.

After reviewing the Complaint, Defendant's Memorandum of Points and Authorities, Defendant's Exhibits, Plaintiff's Memorandum of Points and Authorities, and Plaintiff's Exhibits, and after hearing extensive oral arguments from all counsel, this Court is fully advised in the premises and thus orders for the following reasons that Defendant's motion to dismiss be granted with leave to amend.

### DECISION

*This Court Has Subject Matter Jurisdiction Of The Complaint.*

■ When Plaintiff's charge was received by the EEOC on February 13, 1968, the EEOC did not have jurisdiction

---

action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be con-

sidered a district in which the action might have been brought."

3. EEOC, "Policy on Deferral to State FEP Agencies", CCH Employment Practices Guide ¶ 16,905.

over the charge. Section 706(b) of the Act, 42 U.S.C. § 2000e–5(b) provides:

"In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (a) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, * * * *"

Since California has a state law prohibiting racial discrimination and providing a remedy for such discrimination, Calif. Labor Code §§ 1410–1433, it is clear that the mandatory language of Section 706 (b) of the Act requires the EEOC to defer to the California procedure for the statutory period. California adopted the Fair Employment Practice Act in 1959 and under it proceedings can be commenced by any person claiming to be aggrieved by an alleged unlawful employment practice by filing with the California commission a verified complaint in writing which states the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful employment practice and which sets forth the particulars of the alleged unlawful employment practice. Calif.Labor Code, § 1422 (West Supp., 1970).

The charge received by the EEOC from Plaintiff was forwarded to the California Fair Employment Practice Commission on March 13, 1968. Section 706 (a) of the Act, 42 U.S.C. § 2000e–5(a), requires a charge to the EEOC alleging an unlawful employment practice by an employer to be "in writing under oath by a person claiming to be aggrieved, * * *" On May 22, 1968, Plaintiff was informed by the EEOC that the mandatory "deferral period" had expired, and on May 24, 1968, Plaintiff requested the EEOC to assume jurisdiction of his charge. After considering the requirements of Sections 706(a) and (b) of the Act, 42 U.S.C. §§ 2000e–5(a) and (b), this Court concludes that the combination of the untimely charge that was filed with the EEOC on February 13, 1968, and the request for the EEOC to assume jurisdiction that was signed by the Plaintiff on May 24, 1968, resulted in an appropriate and proper filing of a charge with the EEOC within the meaning and intent of the applicable sections of the Act.[4]

The trend of recent decisions demonstrates that courts are liberally construing the filing requirements of the Act. See, IBEW, Local Union No. 5 v. EEOC, 398 F.2d 248 (3rd Cir., 1968), cert. denied 393 U.S. 1021, 89 S.Ct. 628, 21 L.Ed.2d 565 (1969); Vigil v. American Tel. & Tel. Co., 305 F.Supp. 44 (D.Colo., 1969); and Marques v. Sales Office, Ford Motor Co., 61 L.C. ¶ 1332 (D.Neb., 1968). The earlier decision of this Court in Washington v. Aerojet-General Corporation, 282 F.Supp. 517 (C.D. Cal., 1968), did not involve the issue presented in this case because the plaintiff

4. A number of questions are not before the Court at this time, including the following:

1. Whether for purposes of the 210 day limitation imposed by Section 706 (d) the charge should be considered to have been filed when the request to assume jurisdiction was received by the EEOC or when the charge was initially received by the EEOC;

2. Whether sending a copy of the EEOC charge to the Calif.Fair Employment Practice Commission is sufficient to commence proceedings under the Fair Employment Practice Act;

3. Whether sending a copy of the EEOC charge to the Calif.Fair Employment Practice Commission and waiting sixty days is sufficient to comply with Section 706(b) of the Act regardless of the answer to question 2 above.

in *Washington* did not file with the EEOC a request for the assumption of jurisdiction after the expiration of the mandatory "deferral period" required by Section 706(b).

*This Court Lacks Subject Matter Jurisdiction Of The Allegations That Were Not Made The Subject Of A Timely Charge To The EEOC.*

■ Two of the many limitations which appear in Title VII of the Civil Rights Act of 1964 restrict the right of plaintiff to gain relief for the alleged unlawful employment practices of Defendant. The Equal Employment Opportunities subchapter of the Civil Rights Act of 1964, pursuant to which Plaintiff seeks relief in this Court, is effective as of July 2, 1965. Thus to the extent that the Complaint in this case is based on events occurring prior to July 2, 1965, the allegations must be dismissed for lack of subject matter jurisdiction. The EEOC has recognized this jurisdictional limitation in a General Counsel Opinion of June 28, 1965:

"The Commission has jurisdiction over charges relating to discrimination occurring on or after July 2, 1965, provided that such charges are filed within 90 days of the date of the alleged act of discrimination in states which do not have FEP agencies to which the Commission defers. Where the Commission is required to defer to a State FEP agency, the charge must be filed with the Commission within 210 days after the unlawful employment practice occurred or 30 days after notice of the termination of the state proceedings is received, whichever is earlier."

The above quoted General Counsel Opinion sets forth the second time limitation of the Act that is applicable to this action. Section 706(d), 42 U.S.C. § 2000e–5(d) specifies:

"A charge under subsection (a) of this section shall be filed within ninety days after the alleged unlawful employment practice occurred, except that in the case of an unlawful employment practice with respect to which the person aggrieved has followed the procedure set out in subsection (b) of this section, such charge shall be filed by the person aggrieved within two hundred and ten days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier."

The Courts have uniformly applied the time limitations imposed by Section 706 (d) of the Act, and have dismissed actions based on discriminations that occurred outside of the statutory periods. In Cox v. United States Gypsum Company, 284 F.Supp. 74 (N.D.Ind., 1968), modified, 409 F.2d 289 (7th Cir., 1969), the court considered alleged sex discrimination. Since there was no state fair employment practice procedure available in *Cox*, there was no mandatory reference to the State agency pursuant to Section 706(b) of the Act, and therefore the charge in *Cox* had to be filed with the EEOC within ninety days. The Court there stated at 76:

"Although the Courts disagree on many aspects of this act, there is one point on which they all agree. No civil action may be maintained unless the aggrieved party has first filed a charge against the defendant before the Equal Employment Opportunity Commission, and the charge is filed within ninety (90) days of the alleged discrimination [Citations omitted] Any other rule would be clearly inconsistent with the language of the act.

\*     \*     \*     \*     \*     \*

As already stated, charges before the Commission must be filed within ninety (90) days of the alleged unlawful employment practice. This is a positive command of the statute, \* \* \*"
See also, Fore v. Southern Bell Telephone and Telegraph Co., 293 F.Supp. 587 (W.D.N.C., 1968).

■ Both the general limitation imposed by the effective date of the Equal Employment Opportunities subchapter, and the specific 210-day limitation of Section 706(b) of the Act, 42 U.S.C. § 2000e–5(b), are involved in the present case. Plaintiff made no attempt in the charge filed with the EEOC to limit the period of time covered by the allegations, and thus Plaintiff referred to events occurring in August, 1963; April, 1965, and May, 1967. All three of these events are clearly untimely for purposes of Plaintiff's 1968 charge filed with the EEOC. The Complaint filed with this Court goes even further than the charge filed with the EEOC. In the Complaint here before us, Plaintiff refers in a wholly conclusory fashion to every action taken by the Defendant which might have affected Plaintiff since his employment in 1960. The jurisdiction of the EEOC and the jurisdiction of this Court are both limited to events occurring within 210 days of the filing of the charge with the EEOC. Since Plaintiff has made no attempt either to limit his allegations to events occurring within the statutory period or to plead his Complaint in a manner which would permit this Court to ascertain and dismiss the untimely allegations, we are compelled to dismiss the Complaint in this action.

*The Complaint Fails To Set Forth A Sufficient Statement Of The Grounds For This Court's Jurisdiction.*

■ Rule 8(a) (1) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends * * *" In order to comply with the requirements of Rule 8(a) (1), the Complaint in this civil rights action alleging an unlawful employment practice should have specified that a charge has been filed with the EEOC within 210 days after the claimed unlawful employment practice occurred; that the reference required by Section 706(b) of the Act to the California State procedure has been made; and

that the action has been filed with this Court within thirty days after notification by the EEOC that it was unable to achieve voluntary compliance with the Act. These allegations must be contained in the Complaint and cannot be established through subsequently filed pleadings. Since the required allegations are not contained in the present Complaint, this Court is without jurisdiction to proceed and the Complaint must be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b) (1).

*The Complaint Does Not Contain A Plain Statement Of The Claim.*

■■ Rule 8(a) (2) of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief * * *" It is not necessary to present extensive or technically precise pleadings, but Rule 8 (a) (2) envisions the presentation of factual allegations of sufficient clarity and certainty to enable the defendant to formulate a responsive pleading. A complaint in a civil rights action alleging an unlawful employment practice which merely parrots the language of the Act, does not comply with this requirement.

■ Plaintiff alleges in paragraphs V and VI of the Complaint:

"V

That plaintiff was first employed by defendant in 1960; that at all times since plaintiff's employment, defendant discriminated against plaintiff with respect to the compensation paid plaintiff, plaintiff's job classification, and the terms and conditions of plaintiff's employment solely because of plaintiff's race; that although plaintiff has a B.S. Degree in Electronic Engineering, he has not been given promotions and pay increases commensurate with his education, training and ability, and receives compensation less than that received by Caucasians.

"VI

That at all times herein mentioned, plaintiff has been fully qualified for promotion and advancement, for increases in compensation and for enhancement of the terms and conditions of his employment; that defendant discriminated against plaintiff by refusing to promote plaintiff or grant plaintiff pay increases solely because of his race, and by the promotion of other employees who did not have higher qualifications than plaintiff solely because of plaintiff's race."

This type of allegation is so general and vague that Defendant cannot safely or properly prepare responsive pleadings. The Complaint does not identify any individual or individuals who received a promotion or advancement in preference to Plaintiff, nor does it allege any other specific acts of discrimination.

In an analogous situation where plaintiff did not provide factual allegations in her complaint alleging employment discrimination based on race and sex, this Court stated:

"The basic moving allegations of the Complaint contained in Paragraphs IV, V and VI constitute a bare averment that plaintiff desires relief without setting forth adequate factual information to provide a basis for this claim under Rule 8(a) (2). Plaintiff, in electing to proceed before this Court in such a conclusory fashion, has not complied with the very liberal requirements of Rule 8(a) (2) and as a result thereof has failed to state a claim upon which relief can be granted. As a result, plaintiff's Complaint must be dismissed under Rule 12(b) (6)." Edwards v. North American Rockwell Corporation, 291 F.Supp. 199, 213 (C. D.Cal., 1968).

The plaintiff here has also elected to proceed before this Court in such a conclusory fashion that he has not complied with Rule 8(a) (2) and, as a result, has failed to state a claim upon which relief can be granted. Plaintiff's Complaint must be dismissed under Rule 12(b) (6).

In accordance with the foregoing, which shall also constitute findings of fact and conclusions of law, the Court now makes its formal Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. Plaintiff signed a formal charge on February 10, 1968 and this charge was marked received by the EEOC on February 13, 1968.

2. The EEOC sent a copy of Plaintiff's charge to the Calif. Fair Employment Practice Commission by registered mail on March 13, 1968.

3. The EEOC informed Plaintiff by letter dated May 22, 1968 that the initial "deferral period" required by Section 706(b) of the Act had expired and that if Plaintiff decided to request the EEOC to assume jurisdiction of his charge he should sign and return the enclosed Request for Commission Jurisdiction.

4. Plaintiff requested the EEOC to assume jurisdiction of his charge in writing and dated this request May 24, 1968.

5. Plaintiff was informed by letter dated August 5, 1968 that the EEOC had been unable to achieve voluntary compliance with the Act and that Plaintiff was free to institute a civil action within 30 days following receipt of that letter.

6. The Complaint was filed on August 27, 1968.

7. The following Conclusions of Law, insofar as they may be considered Findings of Fact, are also found by the Court to be true in all respects. From the foregoing facts, the Court concludes that:

## CONCLUSIONS OF LAW

### I

Where the Plaintiff has submitted a formal charge to the EEOC before utilizing the Calif. Fair Employment Practice Commission as required by Section 706 (b) of the Act, and subsequently, after

the "deferral period" has expired, requests the EEOC in writing to assume jurisdiction of his charge, the combination of the untimely charge filed with the EEOC and the request for assumption of jurisdiction should be considered a filing in compliance with Section 706(a) of the Act.

## II

The allegations in the Complaint are not restricted to alleged unlawful employment practices occurring within 210 days prior to the filing of the charge with the EEOC as required by Section 706(d) of the Act. Thus the Court does not have subject matter jurisdiction of the Complaint and the Complaint must be dismissed pursuant to Fed.R.Civ.Pro. 12(b) (1).

## III

The allegations in the Complaint are insufficient to demonstrate the Court's jurisdiction under the Act as required by Fed.R.Civ.Pro. 8(a) (1). As a result the Court does not have subject matter jurisdiction of the Complaint and the Complaint must be dismissed under Fed. R.Civ.Pro. 12(b) (1).

## IV

The allegations in the complaint are so vague, indefinite and conclusory that they do not constitute a short and plain statement of the claim as required by Fed.R.Civ.Pro. 8(a) (2). As a result. Plaintiff has failed to state a claim upon which relief can be granted under Fed.R. Civ.Pro. 12(b) (6).

## V

Any Conclusions of Law Contained in the Findings of Fact are deemed incorporated herein by reference.

## ORDER

By reason of the foregoing Decision, Findings of Fact and Conclusions of Law, it is hereby ordered that defendant's Motion to Dismiss the Complaint be granted and that Plaintiff be given 30 days within which to file an Amended Complaint.

Let judgment be entered accordingly.