**1404**

Martin MARQUEZ, Plaintiff,

v.

**OMAHA DISTRICT SALES OFFICE for Division of Ford Motor Co., Defendant.**

**Civ. No. 03048.**

United States District Court,
D. Nebraska.

June 17, 1970.

Seb Caporale, of Shrout, Hanley, Nestle & Caporale, Omaha, Neb., for plaintiff.

Joseph Moore, of Gaines, Spittler, Neely, Otis & Moore, Omaha, Neb., for defendant.

## MEMORANDUM AND ORDER

RICHARD E. ROBINSON, Chief Judge.

This matter was tried to the Court commencing on April 22nd, 1970. Juris-

diction is established pursuant to 42 U.S.C.A. § 2000e–5[f]. Briefs have been submitted and the Court is now ready to announce its decision. In so doing it renders its findings of fact and conclusions of law.

This is a fair employment practices case arising under Title VII of the Civil Rights Act of 1964. Plaintiff's complaint alleges discrimination because of his national origin. He is of Mexican descent.

■ There are certain jurisdictional prerequisites which must first be established and which will also serve to limit the issues. Defendant has made claim that plaintiff has not proven receipt of what is commonly known as the "thirty day letter." This is a letter sent from the Federal Equal Employment Opportunity Commission to the complaining party stating that there has been a failure of conciliation and that the complaining party may within thirty [30] days proceed to suit in a federal district court. This is a jurisdictional requisite. Plaintiff's amended complaint properly alleges receipt of the "thirty day letter" and such fact is admitted by defendant in its amended answer. No further proof being necessary, defendant's claim is without merit.

■ The second jurisdictional question relates to the requirement of 42 U.S.C.A. § 2000e–5 [d] that persons following the procedures outlined in subsection [b] [procedures to be followed in states where local law has prohibitions against unlawful employment practices, as is the case in Nebraska] must file a charge with the federal commission within 210 days after the alleged unlawful employment practice occurred. Previously by way of a motion to dismiss, the question of the effective filing date of the charge was deemed to be May 1, 1967. Any act of discrimination claimed by the plaintiff must have occurred no earlier than 210 days preceding May 1, 1967. The amended petition and the evidence reveals only one act of discrimination upon which this action could be based, namely, the failure of the defendant to be promoted on January 3rd, 1967. See Cox v. United States Gypsum Co., 284 F.Supp. 74 [N.D.Ind.1968] modified 409 F.2d 289 [7th Cir. 1969]; Nishiyama v. North American Rockwell Corp., 49 F.R.D. 288 [C.D.Cal.1970]. See also Culpepper v. Reynolds Metals Co., 296 F. Supp. 1232 [N.D.Ga.1969], regarding the theory of continuing offenses.

A brief has been filed by the Equal Employment Opportunity Commission relating to the issue of what intent is required of the employer and whether or not the plaintiff is required to prove that the denial of the promotion was solely because of his national origin. Assuming that these arguments are correct, namely, that this defendant should be held responsible for any discrimination which naturally and foreseeably flows from its refusal to promote this plaintiff and that plaintiff need only prove that one of the causes for the denial of a promotion to plaintiff was for unlawful reasons, the Court does not believe that plaintiff is entitled to any relief. What this Court specifically holds is that plaintiff's failure to be promoted on January 3rd, 1967 was not for any foreseeably discriminatory or unlawful reason and furthermore that plaintiff is not entitled to rely upon any past discrimination, if any, which presently precludes him from being eligible for the promotion he claims.

■ The problem facing the Court is that for whatever reason, whether it be because of past discrimination or not, plaintiff was not eligible for promotion to the position that became available on January 3rd, 1967. The evidence is clear that nobody at Ford in a grade 6 rating could be promoted to a grade 9 position without having experience as a grade 7 field representative. Plaintiff did have some experience as a field representative but the amount of that experience was well below the standard established by Ford. The position that plaintiff seeks is Manager of the Planning and Analysis Department in a Dis-

trict Sales Office. He is now and has been for an extended duration a planning analyst. It seems to the Court that field experience is a reasonable requirement for the position plaintiff desires. A man becoming manager of planning and analysis should have a broad background especially with regard to the problems of the dealers with whom the district sales offices are primarily concerned. The evidence indicates that this requirement is not peculiar to Mr. Marquez or to the Omaha office but rather it is a rule that is national in scope. Mr. Marquez even admits that the field representative is the next logical step and that it is a normal progression to the position he now seeks. Under these circumstances, where plaintiff because of his present lack of training is ineligible for a position and where there is absolutely no evidence that this present requirement of experience in the field is foreseeably discriminatory, it is the decision of the Court that plaintiff's complaint fails to state a cause for relief.

■ Plaintiff relies upon Quarles v. Phillip Morris Inc., 279 F.Supp. 505 [E. D.Va.1968] for the proposition that past discrimination is relevant to establish a cause of action based upon present actious. *Quarles* dealt with a situation involving seniority rights which have been specifically preserved to some degree in Title VII. The case revolved around the present consequences of past discrimination. While that case has application to this situation it is distinguishable. There is no doubt that Title VII was intended to operate prospectively only. Local 189, United Papermakers and Paperworkers, A.F.L.–C.I.O. v. United States, 416 F.2d 980 [5th Cir. 1969]. As with the seniority rights, the question here, and with any case involving the effect of past discrimination on present actions, is whether that alleged past discrimination should be considered. In both *Quarles* and *United Papermakers* there was involved past discrimination which *permanently* locked employees into inferior positions even though the present standard for awarding future

jobs would appear to be neutral. There was also not present in those cases a standard necessary for the efficient operation of a business. Under the facts as here presented there is no indication of any permanency. In fact Mr. Marquez has been offered the grade 7 field representative position during the conciliation process which, after a time, would make him eligible for the position he is now asking for. With regard to business necessity this case is a matter of having the requisite skills to be eligible for the promotion. It is not a case of nepotism but is closer to the example in *United Papermakers* of Negroes being excluded from jobs because they do not have the requisite typing skills. Here Mr. Marquez must rise to the almost uniform standard to enable him to perform in the position he desires. When such is accomplished he is then eligible. It seems clear, as previously stated, that the rule is uniform throughout Ford and therefore not tending to discriminatory practices and also that a person being the manager of a planning and analysis problem should necessarily, for the efficient operation of the business, have more experience with dealers than Mr. Marquez has had.

■ At this point it should be made perfectly clear that the Court is not saying that there was any discrimination prior to the 210 day period but that had there been any it will not be considered as a basis for now holding that plaintiff is entitled to the position of manager of the planning and analysis department of the district sales office or for any other type of relief. In fact even if past discrimination were to be considered this record is void of any discrimination past or present on the part of Ford against Mr. Marquez. Plaintiff has attempted to show discrimination by establishing a lack of any "minority group" employees in the Omaha Office and by establishing his employee record as superior to other employees who have been promoted. Plaintiff has spoken in terms of "minority groups." While the Court is not sure what is meant by that

term, in the context of the evidence it would include the exclusion of Negroes, Jews and Mexicans. In this regard plaintiff would appear to be relying on the pattern discrimination cases. In those cases there is some affirmative proof of exclusion or limitation to the more menial jobs other than the mere absence of a certain group or groups. Here there is no evidence of affirmative attempts to exclude such individuals, although there is an absence of Negroes, Jews, and Mexican-Americans. Mr. Marquez himself worked for a time processing job applications and states that he knew of no standards nor did he ever receive direction to reject an application for any discriminatory reason. Thus the Court fails to see how plaintiff can rely upon the pattern discrimination line of cases when all that is present is the absence of what plaintiff generally terms minority groups in one isolated office of a company the size of Ford Motor Company.

There is also no evidence to indicate that the employment record of plaintiff is substantially different from other employees. Taking some of the isolated employees referred to by defendant, demotions are not unique to Mr. Marquez, nor is lateral movement in grade unusual. There is nothing so substantially irregular about this plaintiff's record even when coupled with the absence of some minority groups as to enable the Court to say that there is any action by Ford which would tend to discriminate against plaintiff. Plaintiff has therefore failed to establish a claim for relief for either the reason that he is not eligible for the promotion he desires which is purely based on business necessity and not presently motivated by any discriminatory reason or for the more general holding that there is not sufficient evidence to establish any discrimination.

The foregoing shall constitute the Court's findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure. Accordingly,

It is ordered that plaintiff's Complaint should be and is hereby dismissed.