334 F.Supp. 172 (1971)
Curtis PAYNE, Plaintiff,
v.
FORD MOTOR COMPANY, Defendant.
No. 71 C 175(4).
United States District Court, E. D. Missouri, E. D.
November 4, 1971.
*173 Samuel H. Liberman, St. Louis, Mo., for plaintiff.
John R. Musgrave, Coburn, Croft, Shepherd & Herzog, St. Louis, Mo., for defendant.

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court on defendant's motion to dismiss for lack of jurisdiction, or in the alternative, to strike.
Plaintiff, a Negro, is employed by the defendant Ford Motor Company at its *174 plant in Hazelwood, Missouri. Plaintiff instituted this action against defendant alleging that defendant has discriminated against him on the basis of his race in violation of Title VII of Civil Rights Act of 1964, 42 U.S.C. § 2000e5(e) ("the Act") and 42 U.S.C. § 1981. The Court has before it, copies of all papers and documents pertaining to plaintiff's charges and complaints to the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission.
Defendant's motion to dismiss presents several issues which can be classified as follows: 1) whether or not plaintiff has complied with the requirements of 42 U.S.C. § 2000e5(b), (d) and (e), and whether those requirements are jurisdictional prerequisites to this action; and 2) whether 42 U.S.C. § 1981 provides a jurisdictional basis for this action.
Paragraph 3, subparagraphs (a) through (g), of plaintiff's complaint set out the alleged acts of discrimination:
a) Plaintiff was penalized for errors by being made to lost (sic) time from work on three occasions on August 10, 1967, December 4, 1967 and December 11, 1967. White employees who were making the same errors just as frequently or more frequently were not so penalized.
b) Plaintiff was required to stand on the job while filing in file drawers, when white employees doing similar filing work were allowed to sit, which is a more convenient and efficient way to do the job on February 23, 1968 and April 28, 1968. When plaintiff attempted to sit while doing this work he has laid off for a one week period. White employees doing the same thing were not penalized or laid off. In addition, plaintiff was exposed to criticism and ridicule for his complaints in this matter.
c) Plaintiff was not given the same permission to take leave for funeral and personal business in his family, as was company policy to grant for white employees. This discrimination occurred on or about August 5, 1969, and as a result of his taking leave, plaintiff was laid off for three (3) days by way of penalty.
d) Plaintiff was denied the right to take the same breaks as white employees were allowed on October 30, 1969, and at other times.
e) Plaintiff was disqualified from his position in stock status control because he allegedly took many medical absences on or about November 12, 1969; although white employees with similar amounts of medical absence were not so disqualified.
f) Plaintiff was denied the right to exercise seniority in his designated department of stock status control as white employees were allowed, and was transferred back to the assembly department despite the availability of positions in the stock status control department. In addition to receiving lower wages, plaintiff had to perform duties involving lifting as a result of which he injured his back and lost time from work.
g) Defendant refused to allow plaintiff to take the test in order to apply for promotion to the post of inspector in the stock status control department, because defendant has stated that plaintiff had too many errors in his work records. White employees in a similar category made just as many errors but these errors were not recorded and white employees in similar status were thus able to take the test and receive promotions.
Defendant contends that plaintiff did not timely file a charge with the Equal Employment Opportunity Commission ("EEOC") as to the alleged discrimination specified in paragraph 3(a) of the complaint.
Section 2000e5(b) provides for the filing of charges of alleged unlawful employment practices with State authorities if the State within which the alleged unlawful employment practices occurred has a State law prohibiting same and has established a state authority to grant or *175 seek relief from such practices. Missouri has such and the designated authority is the Missouri Commission on Human Rights ("Missouri Commission"). Section 213.010 et seq. RSMo 1969, V.A. M.S.
Section 2000e5(d) requires that if the provisions of § 2000e5(b) are applicable, then within 210 days of the occurrence of the alleged unlawful employment practices, or within 30 days after having received notice that the State agency has terminated the proceeding under state law, whichever is earlier, the aggrieved party must file charges with the EEOC regarding the alleged acts.
On April 22, 1968, plaintiff filed a complaint with the Missouri Commission based upon the alleged discriminatory acts set out in paragraph 3(a) of the complaint. On November 28, 1969, the Missouri Commission dismissed the complaint for lack of probable cause, and on March 14, 1970, denied plaintiff's appeal and closed the case.
On January 14, 1970, plaintiff filed a charge with the EEOC, which plaintiff amended by letter, March 16, 1970, to include the acts complained of in paragraph 3(a).
Under the express language of § 2000e 5(d) of the Act, plaintiff was required to file a charge with the EEOC, as to the acts alleged in paragraph 3(a), within 210 days of August 10, 1967, December 4 and 11, 1967. Plaintiff failed to do so.
The timely filing of charges with the EEOC within the period provided in § 2000e5(d) is a jurisdictional prerequisite to the institution of a civil suit in this Court under the provisions of § 2000e5(e). See, International Brotherhood of Electrical Workers, etc. v. United States Equal Employment Opportunity Commission, 398 F.2d 248 (3rd Cir. 1968) cert denied 393 U.S. 1021, 89 S.Ct. 628, 21 L.Ed.2d 565; Marquez v. Omaha District Sales Office, 313 F.Supp. 1404 (D.C.Neb.1970); Nishiyama v. North American Rockwell Corp., 49 F.R.D. 288 (C.D.Cal.1970); Stebbins v. Nationwide Mutual Insurance Company, 382 F.2d 267 (4th Cir. 1967), cert. denied 390 U.S. 910, 88 S.Ct. 836, 19 L.Ed.2d 880 (1968).
Plaintiff contends, however, that the acts alleged in paragraph 3(a) are continuing in nature, and that the 210 day limitations period does not begin to run until the practice complained of terminates. While the Court recognizes the principle as it applies to continuing acts, the Court finds that the acts complained of in paragraph 3(a) are not continuing in nature. Hutchings v. United States Industries, Inc., 309 F.Supp. 691 (E.D. Tex.1969); Younger v. Glamorgan Pipe and Foundry Company, 310 F.Supp. 195 (W.D.Va.1969); Culpepper v. Reynolds Metals Company, 296 F.Supp. 1232 (N.D. Ga.1968).
The Court finds no support in law or in logic for plaintiff's contention that the "whichever is earlier" language of § 2000e5(d) is an "obvious error in draftmanship".
Accordingly, the Court finds that it is without jurisdiction to consider the allegations of paragraph 3(a) of the complaint.
Defendant contends that this Court is without jurisdiction as to the allegations of paragraph 3(b) through 3(g) because plaintiff did not exhaust his state remedies with respect thereto under the requirements of Section 2000e5(b) of the Act.
From the copies of all documents relating to the administrative proceedings furnished the Court, it appears that plaintiff filed charges with the Missouri Commission on April 22, 1968, and never again filed charges with the Missouri Commission. By letter dated November 28, 1969, and signed by Sandra Neese, the Missouri Commission advised defendant that after investigation of the allegations contained in Mr. Payne's complaint, the matter was dismissed for lack of probable cause. On January 14, 1970, plaintiff filed a 60-page complaint with the EEOC. On March 1, March 16, and May 21, 1970, plaintiff filed additional charges. It appears that the additional charges of March 1 and March 16, were forwarded to the Missouri Commission. *176 However, the Missouri Commission never re-opened the case.
By letter of October 21, 1970, the EEOC notified the Missouri Commission that the 60-day referral period had expired. Thereafter, on March 9, 1971, the EEOC sent plaintiff a notice of his right to sue within 30 days. The complaint in this case was timely filed.
The issue is whether or not the letter requests by the EEOC to the Missouri Commission that it review the later-filed charges with the EEOC are sufficient to satisfy the requirement that the complaints be filed initially with the state authority, 42 U.S.C. § 2000e5(b).
The EEOC's procedural regulations in 29 CFR § 1601.12(b) (1) (iii) provide that an aggrieved party shall be notified in writing that the document he sent to the EEOC has been forwarded to a state or local agency pursuant to 42 U.S.C. § 2000e5(b), and that unless the EEOC is notified to the contrary, on the termination of state or local proceedings, or after 60 days have passed, whichever comes first, the EEOC will consider the charge to be filed with the EEOC and begin processing the case. This procedure has been approved in Nishiyama v. North American Rockwell Corp. supra; see, Bremer v. St. Louis Southwestern Railroad Company, 310 F.Supp. 1333 (E.D.Mo.1969). There is nothing in the record to indicate that plaintiff was so notified, but it is apparent that the March 1 and March 16 supplements to the original EEOC charge were forwarded to the Missouri Commission. The May 21 supplement apparently was not so forwarded.
The Court concludes that the allegations in sub-paragraph 3(b), (c), and (e), of plaintiff's complaint were properly filed with the EEOC in that they were forwarded to the Missouri Commission by the EEOC and the EEOC deferred to the Missouri Commission for a minimum of 60 days.
The allegations contained in sub-paragraph 3(d), (f), and (g) were never presented to the Missouri Commission and were therefore never validly filed with the EEOC. International Brotherhood of Electrical Workers, etc. v. United States Equal Employment Opportunity Commission, supra.
The statutory provision requiring that the aggrieved party first file a charge with the state agency and wait 60 days or until the local proceedings have terminated before filing a charge with the EEOC is a jurisdictional prerequisite to this action. International Brotherhood of Electrical Workers, etc. v. United States Equal Employment Opportunity Commission, supra; Equal Employment Opportunity Commission v. Union Bank, 408 F.2d 867 (9th Cir. 1968); Nishiyama v. North American Rockwell Corp., supra.
Accordingly, this Court is without jurisdiction to consider the allegations of paragraph 3, sub-paragraphs (d), (f), and (g) of plaintiff's complaint.
As further grounds for dismissal for lack of jurisdiction the defendant states that no opportunity was afforded the defendant or the EEOC to voluntarily conciliate the alleged charges of unfair employment practices.
The record in this case reveals that defendant was notified of the charges filed by plaintiff with the Missouri Commission in April, 1968, and cooperated with that Commission's investigation. However, defendant was not served with copies of the charges and supplemental charges filed by plaintiff with the EEOC, nor was defendant notified in any other manner of the pendency of such charges with the EEOC, [See, 42 U.S.C. § 2000e 5(a)] until the commencement of this action.
The courts have generally agreed that actual conciliation efforts by the EEOC and/or the employer is not a jurisdictional prerequisite to maintenance of a civil action in federal district court. Johnson v. Seaboard Air Line Railroad Company, 405 F.2d 645 (4th Cir. 1968), cert. denied, Pilot Freight Carriers, Inc. v. Walker, 394 U.S. 918, 89 S.Ct. 1189, 22 L.Ed.2d 451 (1969); *177 Marquez v. Omaha District Sales Office, 313 F.Supp. 1404 (D.C.Neb. 1970). However, it is clear that the law does require that at least the opportunity to conciliate must be afforded the EEOC. Johnson v. Seaboard Air Line Railroad Company, supra; Dent v. St. Louis-San Francisco Ry., 406 F.2d 399 (5th Cir. 1969); Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7th Cir. 1968); Marquez v. Omaha District Sales Office, supra. And in the case Long v. Georgia Kraft Co. (D.C.Ga.1969), 328 F.Supp. 681, the court held that the employer or union must also be afforded the opportunity to conciliate, a matter requiring at least the minimal act of mailing notice of a charge to a respondent. But, see, Holliday v. Railway Express Co., Inc., 306 F.Supp. 898 (D.C.Ga. 1969).
In this case the EEOC was afforded the opportunity to initiate conciliation by plaintiff's filing the charges with the EEOC and by plaintiff's waiting to file a civil action in this court until he was notified by the EEOC of his right to do so. The defendant was afforded no opportunity to conciliate.
The Court recognizes that the legislative history on the matter is confusing. (See, majority and dissenting opinions in Johnson v. Seaboard Air Line Railroad Company, supra); and also recognizes that the EEOC has a statutory duty to notify the defendant of pending charges and to attempt conciliation, 42 U.S.C. § 2000e5(a), (c). This Court is of the opinion, however, that the opportunity for conciliation is for utilization by the plaintiff and the EEOC, and is not a right given the defendant by the statute. Holliday v. Railway Express Company, Inc., supra; see, Johnson v. Seaboard Air Line Railroad Company, supra.
The Court concludes that the failure of duty by the EEOC, a failure over which the plaintiff has no control, and which has no bearing on the merits of plaintiff's charges, does not deprive this Court of jurisdiction over paragraph 3, subparagraphs (b), (c) and (e) of plaintiff's complaint.
Defendant claims that because the EEOC made no finding of probable cause to believe that a violation had occurred pursuant to § 2000e5(a), this Court lacks jurisdiction.
This Court, in Green v. McDonnell-Douglas Corporation, 299 F.Supp. 1100 (E.D.Mo.1969), held that a finding of reasonable cause by the EEOC was a requirement for jurisdiction. Later cases in other courts have reached a contrary conclusion. See, e. g., Fekete v. United States Steel Corp., 424 F.2d 331 (3rd Cir. 1970); Grimm v. Westinghouse Electric Corp., 300 F.Supp. 984 (N.D.Cal.1969); Evans v. Local Union 2127, International Brotherhood of Electrical Workers, 313 F.Supp. 1354 (N.D.Ga.1969); Shannon v. Western Electric Co., 315 F.Supp. 1374 (W.D.Mo.1969). The Court of Appeals for the Eighth Circuit has not ruled upon the issue.
Under the rationale of the Green case, supra, the Court concludes that a finding of reasonable cause by the EEOC is a jurisdictional prerequisite to the maintenance of this action. There being no such finding in the present case, this Court is without jurisdiction to consider the allegations of sub-paragraphs (b), (c), and (e) of paragraph 3 of plaintiff's complaint.
This Court has previously held that 42 U.S.C. § 1981 does not provide an independent jurisdictional basis for actions against a private employer for alleged unlawful discriminatory employment practices. In Brady v. Bristol-Myers, Inc., 332 F.Supp. 995 (1971), this Court stated:
"Three Circuit Courts of Appeals have to date expressly held that § 1981 applies to private racial discrimination in employment. Waters v. Wisconsin Steel Works of International Harvester Co., 427 F.2d 476, 481-488 (7th Cir. 1970); Sanders v. Dobbs Houses, Inc., 431 F.2d 1097 (5th Cir. 1970), Cert. denied [1971, 401 U.S. 948, 91 S.Ct. 935, 28 L.Ed.2d 231] Young v. International *178 Telephone and Telegraph Company, Nesbitt Division, 438 F.2d 757 (3rd Cir. 1971).
"This Court has held that 42 U.S.C. § 1981 applies to purely private actions to enforce the equal benefit and protection of laws for the security of persons and property. Central Presbyterian Church v. Black Liberation Front, 303 F.Supp. 894 (E.D.Mo. 1969); Gannon v. Action, 303 F.Supp. 1240 (E.D.Mo.1969). In the latter case this Court said at p. 1244:
`The Jones case (Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968) deals with 42 U.S.C. § 1982. The holding and logic of that case should be applied to the other sections of the Civil Rights Act enacted at the same time.'
"The arguments against the applicability of § 1981 to suits for purely private discriminatory employment practices are set out in a thorough and well-reasoned opinion in Smith v. North American Rockwell Corporation, Tulsa Division, 50 F.R.D. 515 (N.D. Okl.1970) (1) in its debates upon Title VII of the Civil Rights Act of 1964 Congress gave no hint that the Civil Rights Act of 1866 has rendered unlawful private discrimination in employment, (2) Title VII of the Civil Rights Act of 1964 preempted the subject matter, (3) Title VII is prospective in application, (4) Title VII is more inclusive and comprehensive than § 1981, (5) Title VII provides for administrative investigation, conciliation and enforcement not provided by § 1981 (6) federal courts have failed to formulate applicable periods of limitations, remedies, standards of relevance for discovery and defining of issues.
"With due regard to Waters, Sanders, and Young, we again note that neither this court, the Eighth Circuit Court of Appeals, nor the United States Supreme Court has ruled on the precise issue. While this court has held that § 1981 is applicable to purely private discrimination with respect to the security of persons and property, (Central Presbyterian Church v. Black Liberation Front, supra, Gannon v. Action, supra), neither case involves employment practices, an area thoroughly regulated by Title VII of the Civil Rights Act, 42 U.S.C. § 2000e5 et seq.
"It is the opinion of this Court that 42 U.S.C. § 1981 does not provide an independent jurisdictional ground for plaintiff's claim for relief. Title VII is more comprehensive and far more specific than § 1981. To permit § 1981 to function as a jurisdictional ground independent of Title VII would nullify the purpose and function of Title VII.
* * * * * *
"In the present case, there is no indication that the defendant acted or failed to act under `color of state law'. This Court concludes that, absent a ruling by the Supreme Court or the Eighth Circuit Court of Appeals on the issue, it cannot properly extend the ruling of Jones v. Alfred H. Mayer Co., supra, to reach the result sought by plaintiff. Rather, we hold that 42 U.S.C. § 1981 does not provide an independent jurisdictional base for this action alleging purely private discrimination in employment practices."
Accordingly, in this case, the Court finds that 42 U.S.C. § 1981 does not provide an independent jurisdictional basis for plaintiff's claims and this Court is without jurisdiction.
In view of the Court's conclusions on the issue of jurisdiction, it is unnecessary to rule upon defendant's motion to strike.