**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 5**

v.

**UNITED STATES of America EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Appellant.**

No. 16985.

United States Court of Appeals Third Circuit.

Argued March 19, 1968.

Decided July 24, 1968.

Rehearing Denied Sept. 9, 1968.

Daniel Steiner, Gen. Counsel, Equal Employment Opportunity Commission, Office of the General Counsel, (Russell Specter, Sonia Pressman, David Cashdan, Attys., Equal Employment Opportunity Commission, Washington, D. C., on the brief), for appellant.

Loyal H. Gregg, White, Jones & Gregg, Pittsburgh, Pa. (Bernard Kaplan, Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, McLAUGHLIN and FORMAN, Circuit Judges.

OPINION OF THE COURT

BIGGS, Circuit Judge.

The Equal Employment Opportunity Commission (EEOC) appeals from an order of the court below which set aside, upon the petition of appellee Internation-

al Brotherhood of Electrical Workers, Local Union No. 5 (IEW), pursuant to Section 710(c) of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–9(c), the Commission's demand, under Section 709(a), 42 U.S.C.A. § 2000e–8(a), for access to evidence within the control of the IEW. Jurisdiction in the court below was based on Section 706(f), 42 U.S.C.A. § 2000e–5(f). See also Sections 710(b) and 710(c) of the Act, 42 U.S.C.A. §§ 2000e–9(b) and 2000e–9(c).

The Equal Employment Opportunity Commission is charged with the duty of investigating complaints that "an employer, employment agency, or labor organization has engaged in an unlawful employment practice * * * [and] [i]f the Commission shall determine * * * that there is reasonable cause to believe that the . charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." Section 706(a), 42 U.S.C.A. § 2000e–5(a). In connection with any investigation of a filed charge the Commission is authorized to have access to relevant evidence, Section 709(a), and may seek

judicial enforcement of its request for evidence. Section 710(b), 42 U.S.C.A. § 2000e–9(b). If any person requested by the Commission to produce evidence wishes to have the Commission demand modified or set aside he may bring a suit for that purpose under Section 710(c). In the case at bar we are asked to review an order of the court below which set aside the Commission's request for access to evidence.

The relevant facts are as follows. On August 12, 1965, Carl, the "Charging Party", a Negro, wrote the Commission a sworn letter alleging that on July 21, 1965[1] he was discriminatorily excluded from membership in the IEW because of his race. On September 3, 1965, the Commission, in light of Section 706(b), 42 U.S.C.A. § 2000e–5(b),[2] forwarded Carl's complaint to the Pennsylvania Department of Labor and Industry, Human Relations Commission (the Pennsylvania Commission), noting that the EEOC could not accept jurisdiction over Carl's complaint until 60 days after proceedings had been commenced under the fair employment practice law of Pennsylvania. A letter to that effect also was sent to Carl. On December 16,

1. Carl initially sought membership in the IEW on July 21, 1965 but was told to return on July 27, 1965 at which time he contends that he was not admitted to the Union offices. By letter dated December 17, 1965, the IEW informed Carl that his request for membership had been turned down due to lack of sufficient education "and/or" experience. See Exhibit E, attached to the Commission's Answer to Petition. Although Carl asserted July 27, 1965 as the date of discrimination in his complaint before the Pennsylvania Commission, see Exhibit "A" attached to the IEW's petition, he asserts July 21, 1965 as the relevant date in the case at bar.

2. Section 706(b), 42 U.S.C.A. § 2000e—5(b) is as follows:
   "In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to

grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (a) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law. If any requirement for the commencement of such proceedings is imposed by a State or local authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State or local authority."

1965, the Pennsylvania Commission not having completed its investigation of Carl's charge, the EEOC sent a letter to Carl asking him if he desired the EEOC to continue to process his charge. On December 27, 1965 the Director of Compliance received Carl's answer requesting the EEOC to assert jurisdiction. On January 28, 1966 Carl was informed by the Pennsylvania Commission that its investigation did not substantiate his charge.[3] Commission officer Thompson was assigned to the case but did not commence his investigation until mid-August 1966. Thompson had Carl execute a formal charge form on August 17, 1966 and attempted to effect personal service of the charge on the IEW. The "formal charge" was mailed to the IEW and received by it on December 14, 1966. By a letter dated April 11, 1967, served on the IEW on April 12, the Commission demanded of the Union access to certain specified documentary evidence.

On May 3,[4] 1967, the IEW filed a petition with the court below requesting it to set aside the Commission's demand for access to evidence on the ground that the charge had not been timely filed. The EEOC filed an answer to the petition and included therein prayers to dismiss the IEW's petition and enforce the EEOC's demand for access to evidence. It appears that the parties are in substantial agreement upon the relevant operative facts. After a hearing the court entered an order in favor of the Union and filed a memorandum opinion, stating: " * * * the pertinent procedural

provisions of the Civil Rights Act of 1964, have not been complied with. Giving effect to these procedural matters, in particular Section 706(a) * * * which requires service upon the party charged, as prerequisite to the validity of the charge filed, the Commission is deemed to be without authority to conduct an investigation with respect to it.

"The only charge served upon the Union in this proceeding is obviously beyond the statutory period during which it was required to be filed—namely, within thirty (30) days after the termination of state proceedings, or within two hundred ten (210) days after the alleged unlawful employment practice, whichever was the earlier." The court did not expressly dispose of the prayer of the EEOC that it be granted access to evidence. The Commission has appealed.

█ Preliminarily, the appellee IEW asserts that the order of the court below is not appealable and that consequently we are without power to review the judgment. The Union bases its contention on the ground that the Civil Rights Act of 1964 does not provide for review of the type of judicial judgment rendered in the suit at bar whereas there is provision for review of other judicial proceedings under the Act. We cannot agree with the IEW that the fact that Congress specifically provided for appellate review of civil actions brought pursuant to Section 706(e) and proceedings brought pursuant to Section 706(i) compels the conclusion that Congress

---

3. This determination does not bar Carl from asserting the same complaint with the EEOC. See Sections 706(b) and (d).

4. The petition was dated May 2, 1967, within the 20 day limitation of Section 710(c), but was not filed until May 3, 1967, 21 days after the Union was served with the demand for evidence. Section 710(c), 42 U.S.C.A. § 2000e—9(c), states: "Within twenty days after the service upon any person charged under section 2000e—5 of this title of a demand by the Commission for the production of documentary evidence or for permission to examine or to copy evidence in con-

formity with the provisions of section 2000e—8(a) of this title, such person may file in the district court of the United States for the judicial district in which he resides, is found, or transacts business, and serve upon the Commission a petition for an order of such court modifying or setting aside such demand."

However, the Commission did not raise this defense in the court below and cannot now raise it for the first time in this court. Cf. Rule 8(c), Fed.R.Civ. Proc., 28 U.S.C.; Van Sant v. American Express Co., 169 F.2d 355, 372 (3 Cir. 1948).

did not intend appellate review of proceedings brought pursuant to Section 710(c). In the absence of specific statutory language to the contrary this court has jurisdiction to review all "final" decisions of the district courts. 28 U.S.C.A. § 1291. The question before us, consequently, is whether the decision of the court below is a final one.[5]

The IEW relies on Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940), and our opinion in In re Jaskiewicz, 362 F.2d 942 (1966). Rather than supporting the contention of the IEW, the Cobbledick decision demonstrates that the position taken by the Commission, *viz.*, that a district court's setting aside of an administrative, rather than a judicial, request for evidence is a final judgment and appealable. The Supreme Court held in Cobbledick that an order by a district court denying a motion to quash a subpoena *duces tecum* directing a witness to appear before a grand jury was not a "final" judgment and therefore the Court of Appeals was without jurisdiction to review the lower court's decision. Mr. Justice Frankfurter, however, speaking for the majority, stated: "One class of cases dealing with the duty of witnesses to testify presents differentiating circumstances. These cases have arisen under § 12 of the Interstate Commerce Act, whereby a proceeding may be brought in the district court to compel testimony from persons who have refused to make disclosures before the Interstate Commerce Commission. In these cases the orders of the district court directing the witness to answer have been held final and reviewable. * * * 'It is the end of a proceeding begun against the witness—* * *.' * * * [A] proceeding like that under § 12 of the Interstate Commerce Act may be deemed self-contained, so far as the judiciary is concerned—as much so as an independent suit in equity in which appeal will lie from an injunction without the necessity of waiting for disobedience. After the court has ordered a recusant witness to testify before the Commission, there remains nothing for it to do. Not only is this true with respect to the particular witness whose testimony is sought; there is not, as in the case of a grand jury or trial, any further judicial inquiry which would be halted were the offending witness permitted to appeal. The proceeding before the district court is not ancillary to any judicial proceeding. So far as the court is concerned, it is complete in itself." 309 U.S. at 329–330, 60 S.Ct. at 543. This court's decision in In re Jaskiewicz, supra, is distinguishable from the case at bar for the same reason. See also Ellis v. Interstate Commerce Commission, 237 U.S. 434, 35 S.Ct. 645, 59 L.Ed. 1036 (1915).

The same distinction between judicial and administrative proceedings has been drawn where the district court, as in the case at bar, has quashed an order requiring a witness to produce certain documents before an administrative body. Martin v. Chandis Securities Co., 128 F.2d 731 (9 Cir. 1942). See Rule 81(a) (3), Fed.R.Civ.Proc., 28 U.S.C.A. We hold that the judgment of the court below was "final" and therefore was appealable.

We turn now to the merits of the appeal. We can find no provision of the Act which supports the views of the Union and of the court below.[6] In

---

5. We discern no relevant distinction between the appealability of judgments rendered in a suit brought under Section 710(c) and those rendered in a suit brought by the Commission under Section 710(b) to compel compliance with a demand for access to evidence. See Section 710(d), 42 U.S.C.A. § 2000e—9(d). Consequently, our discussion of this issue will not distinguish between the two types of proceedings.

6. It is obvious that the time limitation found by the court below is unworkable on its face for under the lower court's view the charge would have to be filed and served within the very period expressly stated by the Act in which it must be filed. No time would be allowed for service by the Commission upon the discriminator if, for example, the discriminatee filed the charge on the last minute of the last day prescribed by the Act.

our opinion, Carl's letter of August 12, 1965, duly sworn to and stating the substance of the alleged discriminatory practice, met all requirements of Section 706(a), 42 U.S.C.A. § 2000e–5(a).[7] It was not, however, a valid charge when received by the Commission. See Sections 706(b) and 706(d), 42 U.S.C.A. § 2000e–5(d), for it had not been sent to the Pennsylvania Human Relations Commission and the required sixty days had not passed.[8] The IEW contends that the "formal charge" prepared by the EEOC for Carl and served upon and received by the IEW on December 14, 1966 is in fact and law the only effective charge and that Carl's letter to the EEOC received by it on December 27, 1965 requesting the EEOC to assert jurisdiction and to process his claim is of no effect. We cannot agree for the IEW's position seems to us to amount to nothing more than an exercise in semantics. There is no substantial difference in the contents of Carl's sworn letter of August 12, 1965 and the "formal charge" served upon the IEW on December 14, 1966. A charge is a valid charge when it is lodged with the EEOC provided it is sworn to and contains the substance of an alleged discriminatory practice as here. We hold that when Carl's answer to the EEOC's letter of December 16, 1965 was received by the EEOC on December 27, 1965 Carl's charge of discriminatory practice set out in his letter to the Commission of August 12, 1965 became an effective charge as of December 27, 1965. It is not necessary to determine here whether or not there might be a relation back of the charge to August 12, 1965, the date of Carl's letter, for the December 27, 1965 date is within the two hundred and ten day limit.[9]

■ It must be borne in mind that the prime duty of the EEOC is to investigate and conciliate. We perceive no time limitation imposed by the Equal Employment Opportunities Act or the regulations of the EEOC by which a charge must be served and proceeded with by the Commission. Cf. Sections 709(a) and 710(a), 42 U.S.C.A. §§ 2000e–

---

7. Section 706(a) provides: "Whenever it is charged in writing under oath by a person claiming to be aggrieved, or a written charge has been filed by a member of the Commission where he has reasonable cause to believe a violation of this subchapter has occurred (and such charge sets forth the facts upon which it is based) that an employer, employment agency, or labor organization has engaged in an unlawful employment practice, the Commission shall furnish such employer, employment agency, or labor organization (hereinafter referred to as the 'respondent') with a copy of such charge and shall make an investigation of such charge, provided that such charge shall not be made public by the Commission. If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. * * *"

8. See note 2, supra.

9. Section 706(d) provides: "A charge under subsection (a) of this section shall be filed within ninety days after the alleged unlawful employment practice occurred, except that in the case of an unlawful employment practice with respect to which the person aggrieved has followed the procedure set out in subsection (b) of this section, such charge shall be filed by the person aggrieved within two hundred and ten days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency."

29 C.F.R., Section 1601.11(b), Regulations of the EEOC provides that a charge is deemed to be sufficient when it receives from the person aggrieved "a written statement sufficiently precise to identify the parties and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to swear to the charge or to clarify and amplify allegations made therein, and such amendments shall relate back to the original filing date * * *"

8 and 2000e–9. In this respect the Equal Employment Opportunities Act seems similar to the National Labor Relations Act. The National Labor Relations Board, aside from the restriction that it may not act upon a charge filed with it later than six months after the occasion of the alleged unfair labor practice, seems untrammeled as to any period of time in which it may make an investigation of a charge. See 29 U.S.C.A. Section 160(b). While it is true that the National Labor Relations Board may make orders in respect to alleged unfair labor practices, we cannot consider this to be a basis for circumscribing the powers of investigation by the EEOC in order to develop a basis for conciliation. We also note the contents of 29 C.F.R., Title 29, Ch. I., Regulations of the National Labor Relations Board. The Act *sub judice* and the Regulations of the EEOC are based in large part on the National Labor Relations Act and the Regulations of the National Labor Relations Board. See also the investigatory powers of the Interstate Commerce Commission, 49 U.S.C.A. Section 13. As we have stated, the demand for examination with the right to copy was made by the EEOC upon the IEW on April 12, 1967. That demand was rejected but we can perceive no sound basis for its rejection. On the present record the EEOC is entitled to compel the IEW to permit the examination of its records with the right to copy in accordance with the demand made by the EEOC on April 12, 1967.[10] See Section 709(a) and Section 710(b), 42 U.S.C.A. §§ 2000e–8(a) and 2000e–9(b).

Accordingly, the judgment of the court below will be reversed and the case remanded with directions to dismiss the complaint filed by the IEW and to order the IEW to permit the examination of records with the right to copy in accordance with the demand.

---

10. We find it unnecessary to express any view respecting the time in which suit might be brought by a discriminatee under Section 706(e), 42 U.S.C.A. § 2000e—5(e). Cf. Mondy v. Crown Zellerbach Corp., 271 F.Supp. 258 (E.D.La.1967). Such a suit is not before us.