**Willie A. HUTCHINGS, Plaintiff,**

**v.**

**U. S. INDUSTRIES, INC., Defendant.**

**Civ. A. No. 4861.**

United States District Court,
E. D. Texas,
Tyler Division.

April 9, 1969.

Fred J. Finch, Jr., Dallas, Tex., for plaintiff.

Charles F. Potter, Tyler, Tex., James T. Wright, Houston, Tex., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

FISHER, Chief Judge.

This action having been determined upon defendant's Motion for Summary Judgment, the Court does hereby find the facts and state separately its conclusions of law thereon, and directs the entry of the appropriate judgment as follows:

## FINDINGS OF FACT

The following facts are undisputed in the records;

1. Plaintiff has been in the employ of defendant at its manufacturing plant in Gregg County, Texas since October, 1961.

2. Plaintiff alleges that defendant discriminated against him on two occasions because of his race or color (Negro).

3. The first such occurrence was in February, 1966 at which time defendant established a temporary night shift in its plant. A white employee of defendant with less seniority than plaintiff was designated leadman of the temporary night shift entitling him to a 20 cent per hour leadman's premium pay. The temporary night shift was continued for not more than two months at which time the night leadman designation and premium pay ceased.

4. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on March 1, 1966 as to this occurrence.

5. Plaintiff also filed a grievance pursuant to the Labor-Management Agreement governing the work of Plaintiff on February 21, 1966 as to this occurrence.

6. Plaintiff's grievance as to this occurrence was prosecuted through the "third step" provided in the grievance procedure of the Labor-Management Agreement at which step the grievance was decided against Plaintiff.

7. The Labor-Management Agreement provides that any grievance will be considered settled by the disposition at the "third step" unless it is submitted to arbitration.

8. Plaintiff acknowledged on deposition that the decision to submit the grievance as to this occurrence to arbitration was his and that he did not elect to submit the matter to arbitration.

9. The second occurrence of which Plaintiff complains was on October 3, 1966 at which time Defendant discontinued a job classification of leadman on the day shift in Plaintiff's department.

10. The gist of Plaintiff's complaint as to the second occurrence is that the discontinuance of the job classification denied him the opportunity to be promoted to the higher paying job. He alleges that the job was discontinued solely because Plaintiff is a member of the Negro race.

11. Plaintiff filed a charge of discrimination with the EEOC as to the second occurrence on March 6, 1967 some 154 days following the date of the occurrence on which the charge is based.

12. Plaintiff also filed a grievance as to the second occurrence on October 10, 1966 under the Labor-Management Agreement.

13. Plaintiff's grievance under the Labor-Management Agreement was submitted to arbitration in due course and decided favorably to the Defendant on February 18, 1967. The gist of the arbitration decision was that the discontinuation of the leadman job classification by the Defendant was warranted in view of the sharp reduction of work load and work force in the department in which Plaintiff worked and was not violative of Plaintiff's rights under the Labor-Management Agreement.

## CONCLUSIONS OF LAW

1. Defendant asserts two grounds in its Motion for Summary Judgment:

a. That Plaintiff is barred from prosecuting his suit to the October 3, 1966 occurrence because he did not file a charge of discrimination with the EEOC within 90 days after the alleged unlawful

practice occurred as provided in Section 706(d) of Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e–5(e).

b. That Plaintiff is barred from prosecuting his suit as to both occurrences because he prosecuted his rights under the Labor-Management Agreement to finality as to both occurrences before pursuing his rights under the Civil Rights Act of 1964 in the Court.

█ 2. Plaintiff, as well as the EEOC which filed an *amicus curiae* brief in the case, argue that the 90 day filing requirement is not applicable to the October 3, 1966 occurrence because it is a "continuing" violation. The basis of this argument is that the failure to rectify the alleged wrong converts it into a continuing transaction. The Court is of the view, however, that the discontinuance of the job assignment on October 3, 1966, was not continuing but was a completed act when effected. There is no known authority to the effect that a failure to rectify an alleged unlawful act converts it into a continuing transaction or suspends the 90 day period. Accordingly, I conclude that Plaintiff is barred from seeking relief as to the October 3, 1966 occurrence because of his failure to file a charge with the EEOC within the statutory 90 day period.

█ 3. Defendant's second point or ground is asserted as to both occurrences. The substance of Defendant's argument is that in the instance of each of the occurrences on which Plaintiff sues, he had two distinct courses by which he could seek relief, one under the Civil Rights Act, one under the Labor-Management Agreement. It is argued by Defendant that Plaintiff could pursue both courses simultaneously until such time as a final result is reached in one; but upon reaching a final result on one course the matter is at an end. The counter-argument of Plaintiff and the EEOC is that only if Plaintiff pursued his contract grievance successfully or "settled" the grievance at some stage is the result binding on Plaintiff. The counter-argument would have more cre-

dence if a Civil Rights Act Plaintiff were required to exhaust contract remedies as a condition precedent to seeking relief under the Civil Rights Act. Such is not the case as was determined by the Supreme Court in Glover et al. v. St. Louis-San Francisco Railway Company et al. (1969), 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519. The Plaintiff was under no procedural compulsion to initiate grievance proceedings or to refrain from discontinuing grievance proceedings short of final determination once commenced. The October 3, 1966 occurrence illustrates the difficulty of Plaintiff's position created by his having pursued his contract rights to finality. The essential thrust of Plaintiff's suit as to that occurrence is that he is seeking promotion to a particular job retroactive to October 3, 1966. Yet the non-existence of that job has been established in traditional manner in an arbitration proceeding which was instigated by Plaintiff. It is difficult to perceive how the fact of the non-existence of that job is not final, conclusive and binding on Plaintiff.

█ The same reasoning applies to the February, 1966 occurrence with one major difference. An appeal from an arbitration award can be upon only very narrow grounds. An appeal from a "third step" grievance determination, however, is entirely a procedural matter and does not have to be based upon any ground other than dissatisfaction with the determination. Recognizing this circumstance, the Labor-Management Agreement expressly provides that "any grievance will be considered settled" unless it is submitted to arbitration. Therefore, the Plaintiff is in position of having acquiesced in the determination of the February, 1966 occurrence long before this suit was filed.

Accordingly, I conclude that Plaintiff is barred from maintaining this suit because be pursued his contract rights to conclusion as to both occurrences of which he complains.

4. Defendant's Motion for Summary Judgment is granted.

I direct that Summary Judgment be entered accordingly.