339 F.Supp. 1149 (1972)
Mary RICHARD, Plaintiff,
v.
McDONNELL DOUGLAS CORPORATION, Defendant.
No. 71 C 646(4).
United States District Court, E. D. Missouri, E. D.
February 15, 1972.
*1150 Liberman & Baron, St. Louis, Mo., for plaintiff.
Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendant.

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court on defendant's amended motion to dismiss the amended complaint for lack of jurisdiction based upon plaintiff's alleged failure to file timely charges with the Equal Employment Opportunity Commission.
This is an action instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(e) (the "Act") to enjoin and redress alleged violations of the Act by defendants. Plaintiff claims that defendant unlawfully discriminates against her on account of her sex.
Following a motion to dismiss the original complaint, plaintiff filed an amended complaint which, in summary, alleges the following:
Plaintiff worked for defendant from 1950 until 1970, during which time she claims she was discriminated against on *1151 account of her sex. In March, 1970, plaintiff resigned. Defendant urged plaintiff not to resign but to accept sick-leave status so as to qualify for medical and other fringe benefits which she would otherwise forfeit upon resignation. Plaintiff went on sick leave. In August, 1970, plaintiff was reinstated as an employee, but was put on sick-leave status within two weeks, on August 28, 1970. Plaintiff "was cleared to return to work again on October 29, 1970, but was not allowed to return to work."
Plaintiff alleges that she was treated by a physician from January, 1969, through October of 1971, and that the discriminatory conditions of her employment resulted in her seeking said medical attention. Plaintiff alleges that the unlawful discrimination existed throughout her employment beginning in 1950 and continuing through her reinstatement in August, 1970. Plaintiff alleges that defendant's refusal to reinstate her on October 29, 1970 is discrimination on account of her sex and that all of defendant's alleged discriminatory acts and practices are continuing in nature.
On March 22, 1971, plaintiff filed written charges with the EEOC and "These charges were referred to the Missouri Commission on Human Rights for the period required by law." Plaintiff does not state, and the record does not reflect, when the EEOC assumed jurisdiction over the charges. Plaintiff was sent a Notice of Right to Sue Within 30 days by the EEOC on September 21, 1971. This action was filed within the thirty day period, on October 19, 1971.
Section 706(b) of the Act, 42 U.S.C. § 2000e-5(b), provides that where there exists a state or local agency authorized to grant or seek relief against employment discrimination, "no charge may be filed (with the EEOC) by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated ...." Section 706(d), 42 U.S.C. § 2000e-5(d) requires that the complaint to the EEOC "shall be filed by the person aggrieved within two hundred and ten days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier...."
Missouri has an agency authorized to grant relief against employment discrimination, the Missouri Commission on Human Rights. Section 213.010 et seq. RSMo 1969, V.A.M.S. Initially, the Court determines that the alleged discrimination on the part of defendant is not "continuing" in nature so as to prevent the applicable limitation period from running. Plaintiff alleges discrimination from 1950 to March, 1970, including the following: she was afforded inadequate help and services and, her phone was not answered when she was away from her desk while male coworkers were provided such; her desk was moved frequently and she was paid less than the male coworkers. Plaintiff claims her rights were violated when she was put on sick leave in March and August, 1970, and in October, 1970, when she "was not allowed" to return to work. The itemized discriminatory conditions of her employment which existed while plaintiff was actually working for defendant were completed acts as to plaintiff at the time she resigned or was put on sick leave. And the resignation, reemployment and refusal to re-employ were completed acts on the dates alleged in the Amended Complaint. Plaintiff has alleged no act on the part of defendant occurring since October 29, 1970. To find that the alleged discriminatory events are "continuing" in nature is to negate reality. See, Hutchings v. United States Industries, Inc., 309 F.Supp. 691 (E.D.Tex.1969); Younger v. Glamorgan Pipe & Foundry Co., 310 F. Supp. 195 (D.W.Va.1969); Burney v. North American Rockwell Corp., 302 F. Supp. 86 (C.D.Cal.1969).
The EEOC's referral of plaintiff's charges to the Missouri Commission is a proper procedure under *1152 § 2000e-5(b), Love v. Pullman, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (decided January 17, 1972). And when the referral procedure is used, § 2000e-5(d) is then applicable, which requires filing with the EEOC within 210 days of the alleged discriminatory act. The timely filing of charges with the EEOC within the period provided in § 2000e-5(d), is a jurisdictional prerequisite to the institution of a civil suit in this Court under the provisions of § 2000e-5(e). See, International Brotherhood of Electrical Workers, Local Union No. 5 v. United States Equal Employment Opportunity Commission, 398 F.2d 248 (3rd Cir. 1968), cert. denied 393 U.S. 1021, 89 S. Ct. 628, 21 L.Ed.2d 565; Marquez v. Omaha District Sales Office, 313 F. Supp. 1404 (D.C.Neb.1970); Nishiyama v. North American Rockwell Corp., 49 F.R.D. 288 (C.D.Cal.1970); Stebbins v. Nationwide Mutual Insurance Company, 382 F.2d 267 (4th Cir. 1967), cert. denied 390 U.S. 910, 88 S.Ct. 836, 19 L. Ed.2d 880 (1968).
Thus, plaintiff herein can seek relief only for the alleged discriminatory acts occurring within 210 days of the date her charges based thereon were filed with the EEOC. Plaintiff contends that charges were filed with the EEOC upon receipt (3-22-71). Defendant contends the filing occurred when the EEOC assumed jurisdiction after deferral to the Missouri Commission (date is not reflected in the record). Both parties rely on the case of Love v. Pullman, supra. In the Love case the EEOC took the position that the requirements of § 2000e-5(b) and (d) were fulfilled when a charge filed with the EEOC was referred by it to the state agency and "then formally filed once the state agency indicated that it would decline to take action." The Supreme Court held that the procedure followed in that case fully complied with the intent of the Act, apparently adopting the position of the EEOC. Footnote 5 of the Love opinion is further indication that the charges are not "filed" until after the state agency proceedings have terminated:
"The Court of Appeals expressed concern that if the EEOC could ignore the requirement of 29 CFR § 1601.11(b) (1971) that a charge is deemed filed when received, it could file any complaint whenever it chose, thereby nullifying the various statutory time requirements. But the statutory prohibition of § 706(b) against filing charges that have not been referred to a state or local authority necessarily creates an exception to the regulation requiring filing on receipt."
Thus, the Court concludes that plaintiff's charges were "filed" with the EEOC when the proceedings with the Missouri Commission terminated. Only discriminatory acts alleged to have occurred within 210 days preceding that date were properly filed with the EEOC. The Amended Complaint is silent as to whether or not the filing with the EEOC was accomplished within 210 days of October 29, 1970, or within 210 days of August 28, 1970. It is clear from the pleadings that the time limitations were not met as to plaintiff's other allegations of discrimination, and they cannot form the basis of plaintiff's claim for relief in this action.
Plaintiff has failed to establish this Court's jurisdiction based upon Title VII of the 1964 Civil Rights Act and defendant's amended motion to dismiss will be granted. Although plaintiff has amended the complaint once to add jurisdictional allegations, the Court will grant plaintiff 10 days within which to present to this Court the date upon which the EEOC assumed jurisdiction following deferral to the Missouri Commission. If plaintiff does not present the requested date within 10 days, or if that date is more than 210 days from October 29, 1970, and August 28, 1970, the complaint will be dismissed.