Joseph W. PHILLIPS, Plaintiff,

v.

**COLUMBIA GAS OF WEST VIRGINIA, INC., a corporation, et al., Defendants.**

No. 1330.

United States District Court,
S. D. West Virginia,
Bluefield Division.

Sept. 12, 1972.

Michael H. Lilly, Bluefield, W. Va., for plaintiff.

Thomas E. Morgan, Charleston, W. Va., for defendant Columbia Gas of West Virginia, Inc.

Stanley M. Hostler, Hostler, Logsdon & Shinaberry, Thomas P. Maroney, Charleston, W. Va., for defendant Unions.

CHRISTIE, Chief Judge:

The plaintiff, Joseph W. Phillips, instituted this action against his former employer, Columbia Gas of West Virginia, Inc. (Columbia), and his local and international unions, Local No. 3–581, Beckley District, Oil, Chemical, and Atomic Workers International Union (Local No. 3–581) and The Oil, Chemi-

cal, and Atomic Workers International Union (International Union), alleging racially discriminatory practices on the part of both the defendant employer and the defendant unions, in violation of plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and Section 1 et seq. of the Labor Management Relations Act, 29 U.S.C. § 151 et seq. Jurisdiction is based upon Section 706(f) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f), 28 U.S.C. § 1343(4) and 28 U.S.C. §§ 2201 and 2202. The complaint seeks declaratory relief, injunctive relief and damages. The defendants each have filed motions to dismiss the complaint for failure to state a claim upon which relief can be granted. Defendants also assert that the various claims are barred by applicable statutes of limitation. Since matters outside the pleadings have been presented by all the parties with respect to defendants' motions, they will be treated as motions made for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, as authorized by Rule 12(b) of such Rules.

## FACTUAL BACKGROUND

■ Viewing the facts in the light most favorable to plaintiff, as the courts are required to do on motions for summary judgment, the relevant facts not subject to dispute may be summarized as follows:

On September 11, 1969, plaintiff was suspended indefinitely from work by Columbia, which suspension was made permanent on September 25, 1969. The stated reason for this termination was that plaintiff had allegedly violated Columbia's policy prohibiting its employees from engaging in work outside their regular working hours as well as the company policy prohibiting an employee from placing himself "under actual or apparent obligation to anyone by accepting gifts or other personal favors which one might believe or even suspect were given for the purpose of influencing his business judgment." This latter charge was based on a claim by the company that plaintiff had borrowed $1,000 from a foreman of a pipeline contractor installing lines for Columbia and that he had borrowed another $400 or $500 from the contractor.

On September 22, 1969, while suspended from work but prior to the termination of his employment, plaintiff initiated grievance procedures as provided for in the collective bargaining agreement between his union and his employer. The grievance procedure was pursued subsequent to the termination of plaintiff's employment and the grievance was finally submitted to arbitration, the final step of a four-step procedure. At the arbitration hearing, plaintiff took the position that: (1) the rule prohibiting employees from working during off-hours was invalid, (2) the rule was not consistently enforced in that the company had not cited other employees who engaged in work during off-hours, (3) ratification by the company of his loan by continuing to do business with the contractor after having learned of the transaction was evident (4) the evidence established that Columbia was prejudiced against him,[1] and (5) he had not engaged in off-hours work on the dates charged by Columbia. The prejudice asserted by plaintiff as a defense to the charges against him does not relate to racial prejudice, but relates to alleged prejudice arising out of unequal enforcement of the off-hours work rule as well as

---

1. On August 25, 1969, and on another occasion in the fall of 1969, plaintiff made inquiries of the West Virginia Human Rights Commission concerning his employment problems, however, he was informed by the field representative of that Commission that because he had not raised a question of discrimination with respect to race, religion, color, national origin, or ancestry, the Commission had no jurisdiction to process his case.

alleged spying on plaintiff by employees of Columbia during plaintiff's off-hours. No mention was made in the arbitration proceedings of any alleged racial prejudice.

On May 29, 1970, the arbitrators rendered a decision in a written opinion, setting forth facts and conclusions, denying plaintiff's claim. The provisions in the collective bargaining agreement between Columbia and the defendant unions provided that the decision of a majority of the board of arbitration "shall be final and binding on all parties involved in such controversy or grievance and shall conclusively determine the same." On July 7, 1970, following the final decision of the arbitrators denying plaintiff's grievance, Columbia employed a Negro to fill the vacancy created by the termination of plaintiff's employment. Plaintiff is a Caucasian.

By letter dated February 10, 1971, received February 17, 1971, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. His letter of complaint was accompanied by a sworn affidavit in which he alleged that he had been harassed by his employer, such harassment consisting of pushing him in his work, overloading him with work, and attempting to force him to work during an illness in 1960. The affidavit recited the facts leading up to plaintiff's discharge and alleged that, while he had been discharged for working off-hours, other employees also engaging in off-hours work had not been so discharged. The concluding paragraph in this affidavit is as follows:

"I feel that my rights under the new civil rights act have been violated by the action of the United Fuel Gas Company in terminating my employment without cause. I further feel that even had I done off-hour work (which I did not) after the August 11,

1969 letter, I was further discriminated against by the company terminating me and refusing to take similar action against other employees of the company who are continuing to do the off-hour work." [2]

On April 20, 1971, plaintiff was informed by the Director of the Washington District Office of the Equal Employment Opportunity Commission that the Commission had concluded that it did not have jurisdiction to process plaintiff's charge. This denial of jurisdiction was stated to be based upon the fact that plaintiff had failed to file the discrimination charges with the West Virginia Human Rights Commission and had further failed to file charges with the Equal Employment Opportunity Commission within 210 days of the alleged discriminatory act. The Director further stated that the allegations in plaintiff's charge failed to allege discrimination on the basis of race, color, religion, sex, or national origin and, therefore, did not invoke the jurisdiction of the Equal Employment Opportunity Commission under the provisions of Title VII of the Civil Rights Act of 1964. Plaintiff was informed of his right to appeal this decision through proper administrative channels and of his right to request a "right-to-sue" letter affording him access to relief in the United States District Court. Thereafter, by letter dated December 15, 1971, received by plaintiff on December 18, 1971, the Equal Employment Opportunity Commission notified plaintiff that it had been unable to obtain an agreement in settlement of his charge and informed him that he was entitled to institute suit in the Federal District Court within thirty days of receipt of the letter. On January 17, 1972, plaintiff timely instituted this action in this court alleging in his complaint that Columbia and the defendant unions maintained a policy of limiting employment and promotional opportuni-

2. United Fuel Gas Company was reorganized subsequent to the date of this affidavit. Under the reorganization,

United Fuel Gas Company emerged as Columbia Gas of West Virginia, Inc., the present defendant in this suit.

ties of employees on the basis of race or color.

The defendants urge dismissal of the Title VII claim, the Section 1981 claim, and the Section 151 claim, asserting numerous grounds in support of their position.

## THE 1964 CIVIL RIGHTS ACT

It is clear that plaintiff is precluded from pursuing his Title VII claim of discrimination. Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment on the basis of race, color, sex, religion, or national origin by both employers and unions. To enforce the prohibitions of this Act, Congress created the Equal Employment Opportunity Commission and set forth in the Act procedures for invoking the jurisdiction of that Commission, as well as the jurisdiction of the district courts in the event that discrimination charges could not be settled at the administrative level. Section 706(b) of the Act, 42 U.S.C. 2000e–5(b), provides that where an alleged unlawful employment practice occurs in a state which has a statute or local law prohibiting it and establishing or authorizing a state or local authority to seek or grant relief with regard thereto, no charge may be filed with the Equal Employment Opportunity Commission before the expiration of sixty days after proceedings have been commenced under the state law or until such state proceedings have terminated, whichever event occurs earlier. Section 706(d), 42 U.S. C. § 2000e–5(d), provides that a charge with the Equal Employment Opportunity Commission must be filed within ninety days of the alleged unlawful employment practice except in instances in which a charge has been filed with a state agency. In the latter event, the Act provides that an aggrieved party must file his charge with the Equal Employment Opportunity Commission within 210 days after the alleged unlawful 'employment practice occurs or within thirty days after receiving notice that the state or local agency has terminated the proceedings, whichever event occurs first.

■ Defendants first assert that this court lacks jurisdiction of plaintiff's claim because of his failure to file charges with the West Virginia Human Rights Commission prior to filing his charge with the Equal Employment Opportunity Commission. The record discloses that plaintiff made informal inquiries of the West Virginia Human Rights Commission and was informed that the Commission did not have jurisdiction to process his claim. (See Footnote 1). The Court, however, finds it unnecessary to decide whether these acts of plaintiff satisfy the requirement of Section 706(b),[3] inasmuch as it is clear that plaintiff's failure to file his charges with the Equal Employment Opportunity Commission within 210 days of the alleged unlawful employment practice deprives this court of jurisdiction of his Title VII claim.[4] Nishiyama v. North American Rockwell Corporation, 49 F.R. D. 288, 293 (C.D.Cal.1970).

■ It is clear that the unlawful discriminatory practice complained of by plaintiff arises out of the termination of his employment on September 25, 1969. Although plaintiff has alleged a contin-

---

3. In Love v. Pullman Company, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), the Court noted that there was nothing in the Act to suggest that the complaint required to be filed with a state agency be made in writing rather than by oral referral.

4. There can be no question but that an aggrieved party alleging discrimination in employment is required to first file charges with the West Virginia Human Rights Commission. West Virginia Code, Chapter 5, Article 11, as amended effective July 1, 1967, prohibits discrimination in employment on the basis of race, religion, color, national origin, ancestry, sex, or age by either employers or unions and authorizes the Commission to issue cease and desist orders where it finds such discrimination exists. These cease and desist orders are enforceable in the circuit courts of the state.

uing practice of discrimination in his complaint, the record before this court, aside from plaintiff's pleadings, establishes only this single act which could arguably be considered an unlawful employment practice. Plaintiff attempts to avoid the limitation period set forth in Section 706(d) by asserting that the discriminatory practice continued until July 7, 1970, when a Negro was hired as his replacement.[5] The record establishes, however, only a single act, occurring on September 25, 1969, which conceivably could form the basis of a charge under the Civil Rights Act of 1964. To hold that the alleged discriminatory termination of plaintiff's employment constituted a continuing practice of discrimination would be "to negate reality." Richard v. McDonnell Douglas Corporation, 339 F.Supp. 1149, 1151 (E.D.Missouri 1972). Thus, September 25, 1969, would be the date to which the 210-day limitation would apply, however, the timely filing of a grievance by plaintiff and the subsequent processing of that grievance tolled the 210-day limitation period. Culpepper v. Reynolds Metals Company, 421 F.2d 888 (5th Cir. 1970); Moore v. Sunbeam Corporation, 459 F.2d 811 (7th Cir.1972). Therefore, the 210-day limitation period began to run on May 29, 1970, the day the arbitrators handed down their final decision. This terminated the formal grievance procedures available under the collective bargaining agreement between Columbia and the defendant unions and plaintiff would be required under the Act to file his charge with the Equal Employment Opportunity Commission within 210 days of that date. Having failed to file charges within this 210-day period, the Equal Employment Opportunity Commission was without jurisdiction to process plaintiff's claim. Absent jurisdiction of an unlawful employment practice charge and processing of that charge by the Equal Employment Opportunity Commission, this court is precluded from assuming jurisdiction of plaintiff's Title VII claim. Stebbins v. Nationwide Mutual Insurance Company, 382 F.2d 267 (4th Cir. 1967).

An additional and equally compelling reason precludes this court from assuming jurisdiction of plaintiff's Title VII claim. Assuming the validity of the charge of a continuing pattern of discrimination as asserted by plaintiff in his complaint, that charge was first made in the complaint filed with this court. Such a charge was never made before the Equal Employment Opportunity Commission or in the informal charges presented to the West Virginia Human Rights Commission. Indeed, plaintiff failed to allege even *racial* discrimination before those commissions, much less a continuing pattern of the practice of racial discrimination. For that reason, among others, the West Virginia Human Rights Commission and the Equal Employment Opportunity Commission correctly informed plaintiff that they had no jurisdiction over his charge.

██ Certainly it is true that "common-law pleading niceties" are not to be required of laymen filing charges with the Equal Employment Opportunity Commission, Jenkins v. United Gas Corporation, 400 F.2d 28, 30 (5th Cir. 1968), nevertheless, the complaint in the district court should bear some resemblance to the charge filed with the Equal Employment Opportunity Commission. Stated more positively, a complaint in a civil action asserting jurisdiction under Section 706(f) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f), is limited "to that range of issues that would have been the subject matter of conciliation efforts between EEOC and the employer. If the civil action were not so limited, then the primary

---

5. Even if this court were to hold that a continuing discriminatory practice existed continuing until July 7, 1970—a holding which would require distortion of the evidence in this case—plaintiff's case would not be helped since the charge was filed with the Equal Employment Opportunity Commission more than 210 days after July 7, 1970.

emphasis of this Title would be circumvented, i. e., an emphasis upon voluntary settlement of all issues without an action in the District Court." King v. Georgia Power Company, 295 F.Supp. 943, 947 (N.D.Ga.1968). See also Sanchez v. Standard Brands, Inc., 431 F.2d 455, 467 (5th Cir. 1970); Sciaraffa v. Oxford Paper Company, 310 F.Supp. 891, 898 (D.C.Maine 1970).

■ Applying these principles to the facts of the present case, the Court is compelled to hold that plaintiff is precluded from asserting Title VII jurisdiction in this court. He has failed to allege in any manner, or by any interpretation of this charge, racial discrimination before the Equal Employment Opportunity Commission. As a consequence, he is precluded, as previously indicated, from asserting that charge for the first time in this court. Accordingly, defendants' motions to dismiss, insofar as they relate to plaintiff's claim under Title VII of the Civil Rights Act of 1964, will be granted.

## UNFAIR REPRESENTATION CLAIM UNDER LABOR-MANAGEMENT RELATIONS ACT AND RACIAL DISCRIMINATION CLAIM UNDER CIVIL RIGHTS ACT OF 1866

■ With regard to plaintiff's claim of unfair representation under the Labor-Management Relations Act, 29 U.S.C. § 151 et seq., and his charge of racial discrimination in employment in violation of Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, this Court has carefully examined the pleadings and the affidavits and exhibits submitted by the parties with respect to the motions to dismiss and finds that the evidence establishes without dispute that: (1) plaintiff was not discriminated against by his employer on the basis of race with regard to hire, compensation, terms, conditions, or privileges of employment, (2) plaintiff was not discharged from his employment because of his race, (3) the charges made against the plaintiff and the circumstances culminating in the termination of his employment on September 25, 1969, are completely devoid of any overtones or incidents of racial prejudice or bias, and (4) in processing plaintiff's grievance through the steps provided in the collective bargaining agreement, including the arbitration hearing, plaintiff was fairly and adequately represented by his union.

■ This Court is loath to terminate the claim of any party prior to trial on the merits, however, plaintiff has failed to present any evidence disputing the truthfulness of the facts as presented by defendants in the affidavits and exhibits submitted with their motions. In his brief, plaintiff relies upon the allegations of his complaint to support his claim of unfair representation and racial discrimination. That plaintiff is not entitled to such reliance is made clear by the explicit provisions of Rule 56(e) of the Federal Rules of Civil Procedure. That rule provides that "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." See also Foy v. Norfolk and Western Railway Company, 377 F.2d 243 (4th Cir. 1967).

The record in this case establishes, without dispute, that plaintiff was discharged from his employment not because of his race, but because of violations of company policy having to do with conflicts of interest and off-hours work. Further, the evidence shows that plaintiff was adequately and fairly represented by his union during the entire course of the grievance procedure initiated to contest the termination of his employment. The Supreme Court,

in Vaca v. Sipes, 386 U.S. 171, 177, 87 S.Ct. 903, 910, 17 L.Ed.2d 842 (1967), set forth the criterion for determining whether the duty of fair representation had been violated in the following terms:

". . . the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."

Not only is there a complete absence of evidence in the record before this court of any arbitrary conduct on the part of the defendant unions, but, to the contrary, the only evidence presented indicates that such representation was fair, honest and diligent.

The charge of racial discrimination alleged to constitute a violation of Section 1981 of the Civil Rights Act of 1866,[6] insofar as the record before the court is concerned, appears to be completely without foundation. All the evidence indicates that plaintiff's difficulties arose out of violation of company policies relating to off-hours work and conflicts of interest. There simply is no evidence of any racial prejudice insofar as plaintiff's employment difficulties are concerned.

In the present state of the record, this court finds that the facts of this case are not in dispute and that they will admit of no inference to sustain a conclusion favorable to plaintiff's claim. Therefore, under the applicable principles of law, plaintiff is entitled to none of the relief sought, and defendants are entitled to summary judgment. Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950).

6. Section 1981 provides that:
   "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."