**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Petitioner,**

v.

**WESTERN PUBLISHING COMPANY, INC., and Allen Hall, Manager, Employee Relations, Respondents.**

**No. 73 C 425 (1).**

United States District Court, E. D. Missouri, E. D.

Nov. 8, 1973.

Robert B. Curtis, Regional Counsel, Gretchen D. Huston, District Counsel, St. Louis, Mo., for petitioner.

George P. Blake and Arthur B. Smith, Jr., Vedder, Price, Kaufman & Kammholz, Chicago, Ill., Frank Hamsher, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo. (local counsel) for respondents.

## MEMORANDUM

MEREDITH, Chief Judge.

This action is before the Court on the petition to enforce subpoena duces tecum of the Equal Employment Opportunity Commission (E.E.O.C.). The facts are as follows:

Janet Brady was discharged from Western Publishing Company on July 2, 1970. On January 9, 1971, she filed a charge of racial discrimination with the E.E.O.C. The charge alleged:

"Mr. Hall has been discriminating against my race. He has become determined to destroy my life in every way possible, because I am a Negro. He has made it so hard that I can not get a job in the City of St. Louis since I quit work on June 29, 1970. He does not feel that I have a son and a ill mother to support. He just feel that as long as I am a Negro, I don't

need a job. I tried to talk to them but it has done no good, he has discriminated against me and is going to keep on discriminating against Negros until somthing done. Please give me some help."

The "perfected" charge filed in January of 1973 alleged:

"I feel Western Publishing Company has discriminated against me because of my race (Negro) by paying me less than any other salaried employee and by not giving me raises when others received raises. I feel the company has also discriminated against me and other Blacks because of our race (Negro) by not promoting us because of our race (Negro). Finally I feel the company discriminated against me because of my race by giving out discriminatory references on me when I tried to find another job."

■ Whether the "perfected" charge properly reflects the original charge need not be decided in this opinion. The charge was not timely filed, within ninety days of the discriminatory practice at that time, for the consideration of any of the alleged issues, except discriminatory references, 42 U.S.C. 2000e–5(d); Dubois v. Packard Bell Corp., 470 F.2d 973 (10th Cir. 1972). If the charge is not timely filed, jurisdiction is not established under Title VII. Richard v. McDonnell Douglas Corp., 339 F.Supp. 1149 (E.D.Mo.1972). Therefore, the E.E.O.C. was without jurisdiction to demand the production of any documents not relevant to the charge of discriminatory references that was timely filed. E. E. O. C. v. Union Bank, 408 F.2d 867 (9th Cir. 1968). The only portions of the subpoena that this Court finds relevant to that issue are those materials requested under No. 9, being as follows:

"Records setting forth the names and race of all employees terminated since January 1, 1970. Such records should show the reason for the employees termination."

along with the materials previously offered to the E.E.O.C. by the defendant Western Publishing Company. Those materials are to be made available to the E.E.O.C. for examination and copying. Georgia Power Co. v. E. E. O. C., 295 F.Supp. 950 (N.D.Ga.1968).