**Martha L. GILKEY, Plaintiff,**

v.

**The CHESAPEAKE AND POTOMAC TELEPHONE COMPANY OF WEST VIRGINIA, a corporation, Defendant.**

**Civ. A. No. 76–0335–CH.**

United States District Court,
S. D. West Virginia,
Charleston Division.

Sept. 2, 1976.

John Boettner, Jr., Charleston, W. Va., for plaintiff.

John J. Cowan, Charleston, W. Va., Bernard M. Dworski, Fredric L. Sagan, Washington, D. C., for defendant.

### MEMORANDUM ORDER GRANTING MOTION TO DISMISS

K. K. HALL, District Judge.

Initially, a civil action alleging sex discrimination was filed with this Court on September 15, 1975, and docketed as Civil Action No. 75–0627–CH. Martha L. Gilkey was the plaintiff in that suit and she purported to represent a class of female persons who are, were, or might be employed by the defendants' corporations at its various offices and facilities located in the State of West Virginia and the United States. The case was never certified as a class

action. The defendants were the American Telephone and Telegraph Company and Chesapeake and Potomac Telephone Company of West Virginia. American Telephone and Telegraph Company was dismissed as a party defendant as it was not a proper party to the action. By order entered December 22, 1975, this action was dismissed by the Court due to a lack of jurisdiction. The jurisdictional defect resulted because the plaintiff failed to timely file a charge with the Equal Employment Opportunity Commission (hereinafter referred to as EEOC) within ninety days after the alleged unlawful employment practice occurred.

The instant civil action, also asserting sex discrimination, was filed July 29, 1976, and the plaintiff again attempts to invoke the jurisdiction of this Court under Title VII, known as the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*). Excluding American Telephone and Telegraph Company as a party defendant, the parties plaintiff and defendant are the same in this suit as in the one previously dismissed. The defendant, Chesapeake and Potomac Telephone Company, has moved to dismiss the instant suit contending that it is barred by the previous dismissal of Civil Action No. 75–0627–CH, relying upon "res judicata".

The plaintiff relies upon the same factual situation as complained of in Civil Action No. 75–0627–CH, and again prays that this Court will determine the merits of her employment sex discrimination claim against Chesapeake and Potomac Telephone Company. As a basis for filing this action anew, the plaintiff alleges that the discrimination complained of is continuing in nature. The plaintiff relies upon the recent decision in *Evans v. United Airlines,* 534 F.2d 1247 (7th Cir. 1976), for the proposition that when the allegations in the complaint support a charge of continuing discrimination, then the failure to timely file a charge with the EEOC within ninety days is irrelevant, and, likewise, is not a jurisdictional bar.

The holding in the *Evans* case, *supra,* is more narrow than the plaintiff asserts in

her response in opposition to the defendant's motion to dismiss. Although the court in *Evans* did hold the discriminatory allegations to be continuing in nature, thereby circumventing the ninety-day filing requirement, the factual situation in this case differs significantly. The plaintiff in *Evans* was forced to resign from her job in 1968 because of her marriage. In 1972, she was rehired as a new employee. Because of the defendant's continuous-time-in-service seniority system, the effect of plaintiff's original alleged discriminatory discharge was prolonged. Accordingly, "[a] facially neutral seniority policy may be in violation of Title VII if its effect is to perpetuate the disadvantages accruing from prior discrimination." *Evans v. United Airlines, supra,* at 1250.

This is not the situation presented in the instant case. The alleged discriminatory act complained of here was a completed act in August, 1971, more than a year prior to time when the plaintiff filed her charge with the EEOC. To accept the plaintiff's argument that there has been a continuing discriminatory violation in the case at bar would mean that the ninety-day statutory period might never run. This kind of reasoning would completely defeat the purpose of Section 706(d) of Title VII.

The case of *Younger v. Glamorgan Pipe and Foundry Company,* 310 F.Supp. 195 (W.D.Va.1969), is controlling. There, an employee failed to file his complaint with the EEOC within ninety days after the alleged wrongful transfer by his employer asserting a violation of the Civil Rights Act. The plaintiff, however, claimed that the unlawful transfer was continuous in nature and never became final for the purpose of running the statutory period of ninety days. Judge Merhige held that the discrimination, if present, could have been continuing, but once the transfer of the employee was made, it became final irrespective of a discriminatory motive. When such alleged discriminatory incident occurs, the dictates of 42 U.S.C. § 2000e–5(d) [as amended 42 U.S.C. § 2000e–5(e)], require that the aggrieved party file his complaint as to that

particular act with EEOC within ninety days [now 180 days] of the alleged unlawful practice.

A similar situation arose in *McReynolds v. General Electric Company,* 406 F.Supp. 1278 (S.D.Ohio, W.D., 1976). There, the alleged discriminatory downgrading was held not a continuous discriminatory practice. Rather the alleged discrimination crystalized at the time of transfer and the statute of limitations started to run from that time requiring filing within ninety days after the alleged discriminatory employment practice. Accordingly, the failure to file within ninety days of that defined act precluded the court's jurisdiction as a matter of law.

The United States Court of Appeals for the Fourth Circuit held in *Mickel v. South Carolina State Employment Service,* 377 F.2d 239 (4th Cir. 1967), that where a job applicant did not file a charge of racial discrimination with the EEOC as required by the Civil Rights Act of 1964, there was a failure to comply with a jurisdictional prerequisite. Thus, the district court was barred from entertaining the suit due to a jurisdictional defect. Also see *Phillips v. Columbia Gas of West Virginia,* 347 F.Supp. 533 (S.D.W.Va.1972).

Accordingly, it is the opinion of this Court that the alleged discriminatory act in the instant case is not one of continuing nature. The plaintiff has failed to file her charge with the EEOC within the required statutory time limit and it follows that this Court is barred from entertaining the complaint due to lack of jurisdiction.

Likewise, it follows that since the plaintiff has filed this civil action which is predicated upon an identical factual situation which she previously has litigated, namely Civil Action No. 75–0627–CH, which was dismissed due to a lack of jurisdiction, the doctrine of "collateral estoppel" applies to bar this case as well.

In *North Carolina v. Pfizer,* 537 F.2d 67 (4th Cir. 1976), the United States Court of Appeals for the Fourth Circuit discussed the application of collateral estoppel.

When a case being reviewed involves the same operative facts and issues as a previous case in the same court, and the plaintiff had a fair opportunity procedurally, substantively and evidentially to pursue the claim the first time, then the doctrine of collateral estoppel is applicable. Also, see *Graves v. Associated Transport, Inc.,* 344 F.2d 894, 900 (4th Cir. 1965); *Eisel v. Columbia Packing Company,* 181 F.Supp. 298, 301 (D. Mass. 1960).

IT IS THUS ORDERED that the defendant's motion to dismiss be granted, and defendant's prayer for attorney's fees be denied.